WILLIAM SOHIER & another *vs.* JOHN T. COFFIN & others.

The owner of land, of which another person is in actual possession claiming a fee, can convey no title, by deed delivered off the premises, as against the party in possession, though such possession has been for not more than four months.

WRIT OF ENTRY against John T. Coffin and the heirs of John C. Parkinson, to recover a lot of land in Brighton. Coffin was defaulted. Trial in this court, before *Foster*, J., who reported the case substantially as follows :

To show title, the demandants, among other evidence, put in and proved a deed of the demanded premises from William F. Otis to John T. Coffin, dated May 9, 1857, and a mortgage deed from said Coffin to themselves, dated September 12, 1857, to secure the payment of $5000 ; both duly acknowledged and recorded. The heirs of Parkinson offered no evidence of any title by deed, or any conveyance of the premises, but claimed title by adverse possession.

There was evidence tending to show that John C. Parkinson was in possession and occupation of the premises for many years prior to his death in January 1857, claiming title, and that in 1842 Coffin knew that he claimed title; that a few days after John C. Parkinson's death, Coffin's agent called upon Parkin-

son's heirs and desired them to leave the premises, and they insisted that the premises were theirs; that afterwards and sometime before giving the deed under which the demandants claimed, Coffin himself called upon Parkinson's heirs, and wanted them to leave the premises, and they told him personally that they owned the land; that Coffin endeavored to buy them off, and they refused his overtures; and that the mortgage deed of September 12, 1857, from Coffin to the demandants, under which they claimed, was executed, acknowledged and delivered in Boston.

At the close of the evidence, the presiding judge proposed to instruct the jury on the effect of disseisin as follows : " If, after the death of John C. Parkinson while Coffin owned the fee, the heirs of Parkinson were in actual possession of the demanded premises claiming a fee, and this was known to Coffin ; and they continued in such possession at the date of the mortgage deed from him to the demandants ; then Coffin was disseised so that nothing passed by his deed, and the demandants cannot recover." Thereupon the demandants declined to go to the jury, and submitted to a verdict for the heirs of Parkinson, and the jury found specially for the latter upon the sole ground that the deed to the demandants passed no title. To this ruling the demandants excepted, and the presiding judge reserved for the full court the question whether the ruling was correct.

*J. G. Abbott & G. A. Somerby*, for the demandants. Although there is a statement in the report that evidence was introduced tending to show that Parkinson was in possession of the premises, claiming title, before the conveyance by Otis to Coffin, the statement has no importance, because the ruling of the court was based on the assumption that Coffin owned the fee at the time of his mortgage to the demandants.

The case then is, that the demandants proved an acknowledged and recorded deed of the premises to their grantor, which conveyed to him the fee, and that four months after that deed they took from him a mortgage, acknowledged and recorded ; but that, in the interval of time between the deed to him and the mortgage to the demandants, the tenants, being in possession,

claimed to own the fee without any deed or conveyance from any one, which claim was entirely unknown to the demandants. This claim was ruled to work such a disseisin that the demandants could claim nothing under their deed.    This ruling was wrong.

1.  The facts do not show any, or, at all events, such disseisin, as would prevent the true owner from conveying a title by deed. If the tenants held under Coffin, or if they occupied by his permission, they could not by a mere wrongful claim of the fee divest him of his estate.  *Hall* v. *Stevens*, 9 Met. 418.  *Brown* v. *King*, 5 Met. 173, 178.  *Peabody* v. *Tarbell*, 2 Cush. 226.   If the tenants did not hold under Coffin, but took possession adversely to him, by a wrongful act, a trespass, and maintained their possession under a wrongful claim of the fee, such acts could not divest the rightful owner of the fee of his estate, and deprive him in the short space of four months, except at his election, of the right of mortgaging or conveying it.   The true owner may at his election treat such a trespass as a disseisin; but he is not compelled to do so.   Wherever trespass can be maintained, the owner can convey, because in both cases the ownership of the fee is equally necessary.   The wrongdoer cannot complain, if the true owner chooses to regard him in his true character of a trespasser, rather than as a disseisor.   The election is with the true owner, in which light he shall be regarded; not with the wrongdoer.   *Blood* v. *Wood*, 1 Met. 528.   *Taylor* v. *Horde*, 1 Burr. 60.

2.  The record title, and, under the ruling of the court, the absolute ownership of the fee was in Coffin, and that title was conveyed to the demandants without any notice that Coffin had conveyed or lost his estate by disseisin.   The mere fact that the tenants were in possession of an estate of which another had the record title, with nothing else, was notice neither of an unrecorded deed nor of a title by disseisin.   Such possession was just as consistent with holding under the true owner, as with a disseisin, and therefore could not be held even sufficient to put a purchaser upon inquiry.  *M'Mechan* v. *Griffing*, 3 Pick. 135. *Pomroy* v. *Stevens*, 11 Met. 244.   If the tenants had taken a conveyance not recorded, of the premises from Coffin, before the

mortgage to the demandants, such conveyance would have divested him of his estate and passed it to the tenants, and they would have been seised in fee rightfully, so that Coffin would have had no estate whatever in the premises; yet in that case this mortgage would have conveyed a perfect title to the demandants. The law certainly is not more tender to the holder of an estate acquired by disseisin and wrong than to the true and rightful owner by deed. The rule, that one disseised cannot convey, does not depend solely upon the fact that he has no fee, and is out of possession; because he who has given an unrecorded deed has neither a fee, nor even a claim to one, nor the possession, still he can convey. A further element is necessary to make the deed of a person disseised by wrong void, namely, notice of the fact of his disseisin to the grantee; then the deed would be void, because the policy of the law forbids the buying of a lawsuit under the St. 32 Hen. VIII. *c.* 9, which has been adopted as a part of our law. *Brinley* v. *Whiting*, 5 Pick. 353. The rule laid down at the trial would be exceedingly inconvenient, and in many cases would to a considerable extent nullify the registry laws, and seriously interfere with the conveyance of lands. No person would be safe in taking a deed or mortgage, however perfect might be the record title to the estate conveyed; for, although a rightful unrecorded deed, with possession under it, would be of no avail against a purchaser without notice, a wrongful disseisin, of which a grantee had no notice, would make his deed void.

*T. H. Sweetser*, ( *W. S. Gardner* with him,) for the heirs of John C. Parkinson.

CHAPMAN, C. J. The demandants claim title under a mortgage from Coffin, and therefore they have joined Coffin in the suit, as they are permitted to do by the Gen. Sts. *c.* 140, § 8, though Coffin is not a tenant in possession. The tenants in possession are the heirs of John C. Parkinson, who died in January 1857. A few days afterwards the agent of ·Coffin called upon them and desired them to leave the premises. They refused to quit, and claimed title. Afterwards Coffin himself called upon them and wanted them to leave the premises. They

again refused, claiming title. He endeavored to buy them off, and they refused his overtures. They were thus in possession of the demanded premises, and claiming title adversely to him. There is nothing to show that they entered under him or by his permission. Indeed it is stated that their father was in possession for many years, claiming title, and that this was known to Coffin in 1842. While they were thus in possession, namely, on September 12, 1857, Coffin made the mortgage to the demandants. If he had a right of entry, he might have entered upon the land and there delivered the deed, and his title would have passed. But as he did not enter, but delivered the deed while he was out of possession, and the tenants were holding the land adversely, his deed was inoperative to pass the title. *Warner* v. *Bull,* 13 Met. 1. All the grantees could acquire was a right to bring an action for possession in the name of their grantor. *Cleaveland* v. *Flagg,* 4 Cush. 76. The ruling is based upon the assumption that the title of Coffin was good, and that the tenants were mere disseisors; and upon that assumption it was correct. Much more would the deed of Coffin to the demandants be inoperative if no title had ever passed to Coffin; for in such case no action would lie even in Coffin's name. It would be necessary to sue in the name of Otis or some other person who had good title.

The facts stated in the report do not present a case of mere disseisin at the election of Coffin; but this was an actual adverse occupation and holding him out. See Washb. Real Prop (3d ed.) bk. 3, *c.* 2, § 7.

*Judgment for the tenants on the verdict.*