## JOHN HUNT *vs.* ALMARY MANN.

Bristol.  Oct. 26, 1881. — Jan. 2, 1882.  MORTON & ALLEN, JJ., absent.

If the purchaser at a sale on execution, under the St. of 1874, c. 188, § 5, of land, the legal title to which is fraudulently in a person other than the judgment debtor, conveys the land without taking possession, his grantee cannot maintain a writ of entry in his own name to recover possession thereof.

WRIT OF ENTRY to recover a parcel of land in Rehoboth. Plea, *nul disseisin.*  At the trial in the Superior Court, before *Allen,* J., the jury returned a verdict for the demandant; and the tenant alleged exceptions.  The facts appear in the opinion.

*H. J. Fuller,* for the tenant.

*J. Brown,* for the demandant.

ENDICOTT, J.  The tenant in this case had been in possession of the demanded premises for several years, claiming title thereto under a deed from her daughter; and evidence was offered, tending to show that the consideration for the conveyance to the daughter was in fact paid by the husband of the tenant, and that the conveyance to the daughter, and from her to the tenant, were made for the purpose of defeating, delaying and defrauding the creditors of the tenant's husband.  An action was brought against the husband by the demandant, and his interest in the land in question was attached.  Judgment was rendered for the plaintiff, and execution was levied according to the provisions of the St. of 1874, *c.* 188.  The premises were bid off at the sale by one Sallisbury, to whom the sheriff made, executed and delivered a deed in the usual form.  Sallisbury afterwards conveyed the premises to the demandant.  It is not contended that Sallisbury entered upon, or was in actual possession of, the premises when he gave the deed.

It is provided in the Gen. Sts. *c.* 103, § 48, as amended by the St. of 1874, *c.* 188, § 5, that such a "levy shall be void unless the judgment creditor to whom the land is set off or the purchaser of the right of redemption, as the case may be, commences his suit to recover possession thereof, within one year after the return day of the execution."  The provisions of law applying to sales of equities of redemption apply to sales under the St. of 1874.  Gen. Sts. *c.* 103, §§ 39–47.

This is not the case of a sale by the sheriff of land belonging to a tenant, who is the judgment debtor, where, by virtue of the levy, the sheriff's deed conveying the rights of the tenant in the premises is a legal ouster of the tenant from the land, but is a sale of land belonging to another standing in the name of the tenant, and the sheriff's deed conveys the rights therein, not of the tenant, but of the judgment debtor. Whether the land is the land of the tenant or of another standing in his name, is to be determined in a suit brought within one year from the return day of the execution, and the statute expressly provides that such suit must be brought by the purchaser. In *Howe* v. *Bishop*, 3 Met. 26, which was decided before the passage of the St. of 1844, .c. 107, the provisions of which are embodied in the Gen. Sts. c. 103, (see Rep. of Com. c. 103, and note,) the legal title to the demanded premises stood in the name of the tenant, having been fraudulently conveyed to him by the judgment creditor; and the demandants, in order to show a title in them upon which to maintain the action, offered in evidence the levy of an execution in their favor upon the demanded premises as the estate of the judgment debtor, and it was held that no legal estate was vested in the debtor, and the action could not be maintained. It was said by the court, that " the effect of the levy was only to transfer to the demandant all the interest of the judgment debtor in the estate thus levied upon. It is true that there is, upon the making of such levy, a delivery of the seisin and possession to the judgment creditor by the officer, and this may operate, to the extent of the interest of the judgment debtor, to give the possession to the creditor; but a levy on lands not belonging to the judgment debtor, and of which the title and possession are in another, will not oust the person thus in possession under a legal title." It was probably in view of this decision that the St. of 1844, c. 107, was enacted. But the provisions of this statute, as they now appear in the Gen. Sts. c. 103, § 48, do not change the character of the title obtained by a judgment creditor in the land set off to him, or the title obtained by a purchaser at the sale under a deed of the debtor's interest therein, but only provide that the purchaser may maintain an action against the tenant, wherein it may be determined whether the tenant holds under a deed fraudulent as against creditors.

The effect of the sale in this case, therefore, was only to transfer to the purchaser the interest of the judgment debtor in the premises, and did not oust the tenant in possession under a legal title, and the purchaser did not acquire any title to the premises as against the tenant who held the legal title. He had merely a right of action against her. This, upon familiar principles, he could not assign or transfer to another, so as to enable the latter to bring an action in his own name. *Barry* v. *Adams*, 3 Allen, 493. *Loud* v. *Darling*, 7 Allen, 205. *Sohier* v. *Coffin*, 101 Mass. 179. Whether the demandant could bring an action in the name of the purchaser at the sale, we are not called upon to decide.

The Gen. Sts. *c.* 103, § 44, have no application to this case. It is there provided that the right of redeeming mortgaged land taken and sold " may be redeemed by the judgment debtor from the purchaser or the person holding under him." See also §§ 45, 46. As under the St. of 1874, *c.* 188, land may be taken on execution in like manner as the right to redeem mortgaged land is now sold, it is contended that the implication is conclusive that the judgment debtor would have the right to redeem from this demandant as the person holding under the purchaser, and that his title is thus recognized to be good against the judgment debtor, and therefore he has a title as against the tenant. Even if we assume the demandant's construction to be correct so far as the judgment debtor is concerned, it by no means follows that the tenant is affected by this provision.

The tenant in this case has no right, under § 44, to redeem, for she is not the judgment debtor, and therefore is not included within the provisions of that section, or of §§ 45, 46. Whatever the rights of this demandant, as between himself and the judgment debtor, may be, it is very clear that the tenant is answerable only to a real action brought by a party who under the rules of law is entitled to maintain it. *Exceptions sustained.*