THOMAS H. RUSSELL & another, trustees, *vs.* ELIZABETH B. BATES & others.

Suffolk. December 2, 1901. — March 1, 1902.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Devise and Legacy*, Construction. *Trust.*

A will provided that on the death of the testator's two children the property should be divided equally among his grandchildren. Then came the clause "That portion of my property when divided is to apply in trust for the benefit of my granddaughters then living," followed by a clause about grandsons. *Held*, that the ambiguous words "apply in trust," if they could be given any meaning, created at most a dry trust, under which the grandchildren were entitled to immediate distribution on the death of the testator's children.

BILL FOR INSTRUCTIONS, filed December 3 and amended December 10, 1900, by the trustees under the will of Joseph Ballister.

The case came on to be heard before *Lathrop*, J., who, at the request of the parties, reserved it for the consideration of the full court upon the bill and amendment thereof and the answers of the several defendants; such decree to be entered as law and justice might require.

*T. H. Russell*, for the plaintiffs.

*W. Saulsbury*, (of Wilmington, Delaware,) for the Russell granddaughters.

*A. H. Russell*, for the minor children of William E. Russell, deceased.

*A. Lincoln*, for other defendants.

LATHROP, J.  Joseph Ballister, the testator, died on November 11, 1876, leaving a widow who was a second wife, and who had had no child, and two children by his first wife, namely, a married daughter, Mrs. Russell, and a married son, Joseph F. Ballister.  Mrs. Russell then had living seven children, one of whom, a daughter, was then married and had two children.  Joseph F. Ballister then had three unmarried daughters, and one married daughter, who had no child.

The will of the testator, after giving to his wife all his household furniture, pictures, books, wardrobe, jewelry and plate, gave the residue of his property to trustees, in trust to pay his wife one half the income of his property as collected for her life, and the other half of the income to be divided into two portions, one portion to be paid to his son, during his life, or to his heirs in case of his decease prior to the testator's wife; and the other portion to Mrs. Russell during her life, with a similar provision in case of her dying before the testator's wife.  Then follow provisions for the disposition of the income in the case of the death of his wife, and the death of his son, and the death of Mrs. Russell.

The next provisions raise the questions which we are asked to consider.

" V.  Upon the death of Sarah E. Russell and Joseph F. Ballister the trustees shall make an equal division of my property between the grandchildren then living.  In case of any grandchild now living shall have died leaving issue, then the child or children of such deceased grandchild shall receive the portion that the deceased grandchild would have been entitled to if living, and that portion to be paid over to said child or children of the deceased grandchild.  In this latter case the trustees shall pay over this portion of their trust to the representatives of the issue of such grandchild.

" VI.  That portion of my property when divided is to apply in trust for the benefit of my granddaughters then living.  That portion of my property when divided is to be paid over to my grandsons, so soon — each for himself, can show to the said

trustees that they have earned by their own industry the amount of their portion — until which to remain in trust."

The testator's widow, and his son and daughter are now dead, and Minetta J. Ballister, a daughter of Joseph F. Ballister, has recently died, unmarried. By her will she left her property in trust, the income to be paid to her mother for life, and the principal, upon her mother's death, to her then unmarried sisters. The question presented is what is the estate which this granddaughter took under the will of Joseph Ballister. It is contended on the one hand that the granddaughters of the testator took only a life estate, and on the death of any one of them her portion goes to the heirs of the testator by way of resulting trust, as there is no limitation over after her death. On the other hand, it is contended that at most only a dry trust was created, and that each granddaughter is entitled to receive her share absolutely free from any trust; and that consequently the deceased granddaughter had a right to dispose of her share by will, and that it should be paid to the person appointed administrator with the will annexed of her estate.

We are of opinion that the latter contention is right. It is clear from the fifth clause of the will, that on the death of Mrs. Russell and Joseph F. Ballister, the trustees were to make an equal division of the property between the grandchildren then living, the child or children of a deceased grandchild to take the share to which such grandchild would be entitled if living. The fifth clause concludes with the words: "In this latter case the trustees shall pay over this portion of their trust to the representatives of the issue of such grandchild." The intention of the testator so far is clear. Then follows the sixth clause, the first sentence of which is the occasion of the difficulty: "That portion of my property when divided is to apply in trust for the benefit of my granddaughters then living." The testator does not say that the share of each granddaughter is to remain in trust during her life, nor, if this is his meaning, what is to become of it in case of her death. The words used are ambiguous; but we are of opinion that there is no intestate property. All of the rest and residue of his property he left to his trustees, and the property left in trust for the grandchildren is to be divided equally between them. Both

of these clauses show the testator's intent to dispose of all his property.

Coming then to the ambiguous words " to apply in trust," if they can be given any meaning they create at most a simple or dry trust, the nature of which is not prescribed by the testator. " In such case the *cestui que trust* is entitled to the actual possession and enjoyment of the property, and to dispose of it, or to call upon the trustee to execute such conveyances of the legal estate as he directs." Perry on Trusts, (5th ed.) § 520. Lewin on Trusts, (10th ed.) 16. In *Denfield, petitioner,* 156 Mass. 265, 269, a bequest was made of $3,000 to the testator's nephew and adopted son, " in trust to my executors," and it was held that the beneficiary took the sum absolutely, free from any trust. See also *Fay* v. *Phipps,* 10 Met. 341.

The trustees are therefore instructed to pay the portion of the trust estate which belonged to Minetta J. Ballister in her lifetime to the administrator with the will annexed of her estate.

*So ordered.*