CHARLES G. CUNNINGHAM *vs.* E. GERTRUDE BRIGHT.

Essex. October 16, 1917. — November 26, 1917.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Attachment. Trust. Land Court. Judgment. Execution. Notice. Words,* "Special attachment."

The validity of an attachment of real estate is not impaired by the fact that the attaching officer in his return made a description of the property by metes and bounds and called the proceeding a "special attachment."

An attachment of land as the land of W standing in his name as trustee, where it appears that W held the land under an instrument creating a real estate trust with the interests of the beneficiaries represented by certificates, that all the certificates were indorsed to W, that nobody else had paid anything for them and that they were treated by him as his own, is a valid attachment, the legal and equitable title to the land having been merged in W so that the trust became a mere form or at most a naked trust which W was entitled to terminate for his own benefit at any moment.

Under R. L. c. 128, § 37, which provides that a registration of title by the Land Court shall bind the land and quiet the title thereto and shall be conclusive upon and against all persons, a decree of that court, that the title to certain land is in W as trustee, is not contradicted or falsified by showing that W was trustee only for himself and that the words of the decree meant simply that the title was in W as an individual.

Under the provision of R. L. c. 178, § 28, which provides that an officer who has served an execution shall post the notices of the execution sale "in a public place," a statement contained in the return of such an officer that he posted the notice of the sale "in one place in the City of Salem, to wit, at the registry of deeds," shows a compliance with the statute without the use of the word "public" before the word "place," the registry of deeds of a county being a public place in the same sense as is a town hall or a post office and it not being necessary for the return to follow the precise words of the statute.

PETITION, filed in the Land Court on November 28, 1910, and amended on April 5, 1915, by the trustee under an agreement

dated January 23, 1903, creating a trust called the Marblehead Associates, praying for an order cancelling the memoranda of an attachment and of a sheriff's deed upon the certificate of title issued by the Land Court to Charles D. Wainwright as trustee of the Marblehead Associates and for the issuing to the petitioner of a new certificate of such title free from incumbrances.

The case was heard by *Davis,* J. The evidence is described in the opinion. The petitioner asked the judge to rule that he was entitled to a decree expunging the registration of the attachment and of the sheriff's deed and ordering the issuing of a certificate of title to the petitioner free from such attachment and deed. The judge refused to make this ruling and also refused to make other rulings requested by the petitioner. He ruled that the attachment was valid and that the execution sale was valid, and ordered that the petition should be denied. The petitioner alleged exceptions.

*W. C. Cogswell,* for the petitioner.

*V. C. Lawrence,* (*F. D. Sawin* with him,) for the respondent.

RUGG, C. J. This is a petition in the Land Court by the present trustee of the Marblehead Associates to expunge from the certificate of title issued in the name of Charles D. Wainwright, as former trustee of the same associates, an attachment and sheriff's deed to the respondent. The pertinent facts are that Wainwright bargained for the purchase of a tract of land in Marblehead to be developed for dwelling house purposes. He paid a part of the purchase price in cash and a straw man at his request gave a mortgage for the balance. He caused an agreement and declaration of trust, similar to that in litigation in *Hussey* v. *Arnold,* 185 Mass. 202, to be executed between himself as trustee and four beneficiaries, under the name of "The Marblehead Associaates." The purpose of the trust was to develop and dispose of land to which title might be acquired. The trustee had full power in the premises, but was protected against personal liability. Four friends of Wainwright signed the agreement and declaration of trust, each subscribing $5,000; but they paid no money and took no part in the affair except forthwith to indorse to Wainwright the four certificates of beneficial interest issued in their names. The title to the land, subject to the mortgage, was conveyed to Wainwright as trustee under the declaration of

trust. The agreement, declaration of trust and deed were filed for registration and a certificate of title under the land registration act was issued in the name of Wainwright as such trustee. He proceeded to develop the property and incurred liabilities to a considerable amount. He used the certificates of beneficial ownership in the trust, together with other securities of his own, as pledges to secure notes signed by him as trustee and by himself personally. The land scheme ultimately was a failure. The mortgage was released upon a part of the land and that part was attached by a personal creditor of Wainwright. The respondent holds title under an execution sale upon a judgment recovered in the action in which the attachment was made. The validity of that title is the issue here presented.

1. The officer's return of attachment, upon which the respondent's title depends, recited that he had "specially attached" all the right, title and interest of Charles D. Wainwright in the described parcel, "the record title to which stands in the name of Charles D. Wainwright, Trustee." The use of the words "special attachment" is a matter of convenience. They are not found in § 1 or in § 47 of R. L. c. 178. They occur in the opinion in *Lyons* v. *Urgalones,* 189 Mass. 424, 427, and are used in the common speech of the profession. An attachment of real estate by particular instead of by general description is not necessarily confined to parcels fraudulently conveyed to third persons. The validity of an attachment of real estate is not impaired by the circumstance that the officer in his return makes a description of it by metes and bounds, and calls it a special attachment. It was not an inapt expression to term the attachment in this instance special, although no third persons nor fraudulent conveyances were involved. The substance of the matter was an attachment of the land owned by Wainwright individually, standing in his name as trustee.

2. The attachment in this way of the land as the land of Wainwright, standing in his name as trustee, was valid. The consideration for the conveyance of the real estate was all paid by Wainwright. The record title was in him as trustee. All the certificates of beneficial interest in the trust were indorsed to him. No one else had paid anything for them. So far as they were paid for at all, they were paid for by him. No other person

claimed any title to them as owner. He dealt with them as absolute owner. He had the general title to them even though he had pledged the title to them as security for money borrowed. *Thompson* v. *Dolliver*, 132 Mass. 103. That transaction did not affect his legal title. He therefore was both trustee and sole beneficiary. He united in himself all legal and equitable interests arising out of the transaction. Both the legal and equitable title merged in him. *Putnam* v. *Collamore*, 120 Mass. 454. See *Sears* v. *Choate*, 146 Mass. 395. It was conceded during the argument at the bar that all liens to which the certificates were subjected by pledge at the time of the attachment had been discharged, so that, if there could be any question in this particular, it does not arise on this record. The trust became a mere form. The only person really interested was Wainwright. It was at most a mere naked trust which Wainwright was entitled to terminate for his own benefit at any moment and thereby to vest in himself the apparent legal as well as the beneficial and equitable title. It is of no consequence how many agreements, declarations of trust or other documents may be used, the truth of the matter is all that need be considered.

It is not possible for a debtor to screen his property from his creditors or place it beyond the reach of direct attachment for his personal debts by the adoption of any such business contrivance as that here disclosed. See *Pacific National Bank* v. *Windram*, 133 Mass. 175. Wainwright was using his form of title as trustee as a mere *alias*, another name for himself. Even if there had not been a merger of all titles in Wainwright, at the lowest he individually was entitled to a present conveyance and therefore the land was subject to levy on an execution for his debts under the latter part of § 1 of R. L. c. 178.

Section 47 of R. L. c. 178 has no application to the facts of this case. That section renders void the levy of an execution unless a writ of entry be brought within one year after the return of the execution only in instances where the title stands in the name of another than the judgment debtor. The provisions of that section and the need for them restrict its scope to instances where the title and possession are in a person who is not the debtor. *Hunt* v. *Mann*, 132 Mass. 53.

There is nothing inconsistent with this result in R. L. c. 128,

§ 37, which provides that a decree of registration entered by the Land Court shall bind the land, quiet the title thereto and be conclusive upon all persons. The facts show that the words in that decree descriptive of Wainwright as trustee meant, both at that time and since, simply Wainwright as an individual. It is not a contradiction or falsification of the decree of registration to declare this as their real meaning. It is simply an interpretation or construction of its terms. Substance is put in the place of form. The truth is substituted for a fiction. One cannot at the same instant be both the single trustee and the sole beneficiary of the same estate. There is nothing in the land act which requires the recognition of such a legal incongruity. The attachment and levy upon the land as the land of Wainwright individually was valid.

3. The officer's return of levy and sale stated that he posted the notices of sale "in one public place in said town of Marblehead, the town in which said land lies, to wit, Abbott Hall, and in one public place in the town of Swampscott, to wit, at the town hall, and in one place in the City of Salem, to wit, at the registry of deeds." The objection that this is insufficient because of the omission of the word "public" before the word "place" preceding the words "in the City of Salem" cannot be sustained. It is required by R. L. c. 178, § 28, that these notices be posted in a "public place." Compliance with the terms of the statute must appear from the officer's return and cannot be proved by other evidence. *Frazee* v. *Nelson,* 179 Mass. 456, 460. But it is not essential that the precise words of the statute be followed in the words of the return. It is enough if it appear that all the requirements of the statute have been followed. Verbal variations from the phrase of the statute not affecting its substance do not invalidate the sale. *Blake* v. *Rogers,* 210 Mass. 588. The registry of deeds of a county is a public place in the same sense as is a town hall or post office. That fact is not shaken by the failure of the sheriff to characterize it as a public place in his return.

*Exceptions overruled.*