BELLE M. DALY, trustee, *vs.* MARGARET L. TOOHY.

Middlesex.  May 9, 1932. — June 29, 1932.

Present: RUGG, C.J., WAIT, FIELD, & DONAHUE, JJ.

*Trust,* Construction of instrument creating trust. *Devise and Legacy,* Whether absolute.

A will contained specific bequests; pecuniary legacies, including one to an individual named afterwards as trustee, which were stated to be given "absolutely"; a gift of jewelry to a sister with the statement that, if she made "no disposition of them, then they are to go to the said . . . [individual named later as trustee] for such use as she may make of them"; and a gift of certain real estate to the trustee, "the income to be used for the benefit of my sister . . . and upon the decease of my sister . . . to go to . . . [the person named as trustee] for such use as . . . [he] sees fit"; and the sister was named as residuary legatee. The sister survived the testator and died. The trustee thereupon paid to himself as an individual unexpended proceeds of a loan which, under proper authority, he had procured by mortgage of said real estate. An administrator of the residuary legatee questioned an item showing such payment in the trustee's account. *Held,* that

(1) By the quoted provision in the will, the individual named as trustee took an absolute interest in the trust property and its proceeds after the death of the beneficiary therein named;

(2) The payment by the trustee to himself as an individual was proper.

PETITION, filed in the Probate Court for the county of Middlesex on November 21, 1930, by the trustee under the will of Teresa L. Cronin, late of Cambridge, for allowance of a substituted first and final account.

The petition was heard by *Beane,* J. Material facts are stated in the opinion. From a decree allowing the account,

the respondent, administratrix of the estate of the residuary legatee under the will, appealed.

The case was submitted on briefs.

*P. D. Smith & J. H. Coakley,* for the respondent.

*J. P. Buckley & F. G. Doherty,* for the petitioner.

FIELD, J.   This is an appeal by the administratrix of the estate of Emily E. Lally, residuary legatee under the will of Teresa L. Cronin, from a decree allowing the first and final account of Belle M. Daly, trustee under said will.   The appellant attacks only the allowance of an item in the account showing the payment of $464.17 to the trustee personally, contending that this amount passed by the residuary clause of the will to the appellant's intestate. The accountant justifies the allowance of the item on the ground that this amount passed to her personally by the eleventh clause of the will, which is as follows: "I give, bequeath and devise to Belle M Daly, but in trust nevertheless, the real estate and buildings located at Nos. 14 and 16 Otter Street, Cambridge, now owned in my name, but in trust nevertheless, the income to be used for the benefit of my sister Emily E Lally, and upon the decease of my sister Emily E Lally to go to Belle M Daly for such use as she sees fit."

The will contains specific bequests; pecuniary legacies to various persons, which are stated to be given "absolutely," including a legacy of $500 to Belle M. Daly; a gift to her of jewelry for Emily E. Lally, but if she "makes no disposition of them, then they are to go to the said Belle M Daly for such use as she may make of them"; a gift to a niece of the testatrix "in trust . . . to be used for the benefit of her children," and a gift of the residue of the estate to Emily E. Lally, who survived the testatrix and has since died.

The trustee mortgaged the real estate devised to her in trust by the eleventh clause of the will for the sum of $2,000, being duly authorized to do so, and spent a part of this amount in making repairs on the property.   The item in question is the unexpended balance of the proceeds of the mortgage.

We think that, by the eleventh clause of the will, correctly interpreted, Belle M. Daly took an absolute interest in the trust property after the death of Emily E. Lally, and consequently that the item in the account which is objected to was allowed rightly.

During the life of Emily E. Lally, Belle M. Daly had legal title to the trust property and to the proceeds thereof, and Emily E. Lally an equitable life estate therein. Disposition of the trust property after the death of Emily E. Lally is made by the words "to go to Belle M Daly for such use as she sees fit." Clearly these words do not create a charitable trust and are too indefinite to create a private trust. Belle M. Daly, after the death of Emily E. Lally, held the property for her own benefit or subject to a resulting trust for the residuary legatee. *Nichols* v. *Allen*, 130 Mass. 211, 212. Obviously the purpose of the creation of the trust was the benefit of Emily E. Lally, during her lifetime. The interposition of the trust, therefore, raised no implication that after her death Belle M. Daly was not to hold the property for her own benefit. The phrase, "for such use as she sees fit," manifests no intention that after the death of the equitable life tenant the trust property should be applied for the benefit of any person other than Belle M. Daly. Compare *Nichols* v. *Allen*, 130 Mass. 211, 215. It does not purport to charge her with any duty. It implies rather that she is to take the property for her own use. The failure of the testatrix to employ the word "absolutely" — used in connection with the pecuniary legacies — in connection with the trust is not enough to show that she did not intend that Belle M. Daly should take the property beneficially when the purpose of the trust had been accomplished. The words "for such use as she sees fit" in this context are equivalent to the word "absolutely." Furthermore, the use of the property after the death of Emily E. Lally is not in terms limited to the life of Belle M. Daly and there is no express gift over after her death. Even in respect to a legal estate in realty, words of inheritance are not necessary to pass a fee by will. *Bassett* v. *Nickerson*, 184 Mass. 169, 173. The phrase, "for such use as she sees

fit," therefore, in our opinion rebuts any implication of a resulting trust and indicates that an unqualified gift of the use of the trust property to Belle M. Daly after the death of Emily E. Lally was intended.

It is unimportant whether the words "to go to Belle M Daly" are interpreted as applying to principal or to income, since, in either event, she had legal title to the trust property and, after the death of Emily E. Lally, the entire beneficial interest therein. The purpose for which the trust was created ceased upon the termination of the equitable life interest. It became then, at most, a dry trust in which Belle M. Daly alone was interested, either as trustee or beneficiary, which could be terminated by her. *Russell* v. *Bates*, 181 Mass. 12, 15. *Cunningham* v. *Bright*, 228 Mass. 385, 388. See also *Sears* v. *Choate*, 146 Mass. 395; *Langley* v. *Conlan*, 212 Mass. 135, 138. Therefore the payment to herself shown by the account was proper.

*Decree affirmed.*