LAUREN F. LANGLEY *vs.* SARAH A. CONLAN & another.

Middlesex.   March 19, 1912. — May 24, 1912.

Present: RUGG, C. J., MORTON, BRALEY, SHELDON, & DeCOURCY, JJ.

*Power. Estoppel. Writ of Entry,* Damages. *Land Court. Statute,* Construction, Repeal.

A testator devised certain real estate to a trustee to hold for the benefit of a daughter of the testator during her life, authorizing the trustee to sell the real estate for the benefit of the daughter and giving the daughter a power to dispose of it by will. No disposition was made of the real estate in case she failed to exercise the power. She was one of her father's two heirs at law. The trustee named in the will declined to serve. The daughter, to secure her note for money lent to her, made a mortgage of the real estate with full covenants of warranty, which was recorded. Shortly after this she acquired by deed the interest of the other heir at law and was appointed trustee under her father's will. Later she resigned as trustee and a successor was appointed in her stead, who conveyed the real estate to a certain person. The mortgagee then foreclosed his mortgage for breach of condition and recorded a certificate thereof. A year later the daughter died and left a will by which she devised the real estate to the grantee of the trustee. In a writ of entry by the mortgagee against such grantee and devisee, it was *held,* that the daughter was estopped by her covenants in the mortgage from exercising the power of disposing of the real estate by will as against the mortgagee. *Held, also,* that the deed of the trustee passed no title as against the mortgagee, because before that deed was given the trust had been extinguished by merger, the complete title to the real estate having vested in the daughter when she acquired the entire remainder in fee and was appointed trustee, and the tenant having taken his deed with notice by record of the mortgage and of the daughter's appointment as trustee.

The provisions of R. L. c. 179, §§ 12, 13, 21, to the effect that when the demandant
in a writ of entry recovers judgment he shall recover damages for rents and profits
and any damages for waste to be determined by the jury at the same time unless
a postponement of the assessment of such damages is allowed upon a motion
made before the verdict on the title is recorded, still apply so far as possible
to writs of entry since their transfer to the Land Court by St. 1904, c. 448,
although there is no jury in that court, the rule being that such damages must be
assessed at the time of the trial of the title unless a motion for the postponement
is made before the finding of the Land Court is filed.

WRIT OF ENTRY, dated October 19, 1908, for a lot of land in
Cambridge alleged by the demandant to belong to him in fee.

In the Land Court the case was tried before *Clark,* J. The facts
which appeared in evidence and the proceedings in the Land Court
are stated in the opinion. At the request of the parties the judge
reported the case for determination by this court of the questions
which are considered in the opinion.

The case was submitted on a brief by the demandant.

*C. A. Whittemore & J. S. Patton,* for the demandant.

RUGG, C. J. This is a writ of entry to recover land claimed in
fee by the demandant. John O. Langley died leaving a will duly
proved and allowed in 1872, by which he gave the demanded
premises to a trustee to hold for the benefit of his daughter, Eliza
J. Langley, for her life, authorizing the trustee in his discretion
for the benefit of his daughter Eliza to sell the real estate, and
empowering her to dispose of it by will. No disposition was made
of it in case she failed to dispose of it by will. The only heirs
at law of the testator were two daughters, Eliza and Mary. The
trustee named in the will declined to accept, and the daughter
Eliza was appointed administratrix with the will annexed in 1872,
rendering her final account as such in 1874. By a mortgage deed
containing full convenants dated December 7, 1900, and duly
recorded, Eliza conveyed the premises in mortgage to the demand-
ant to secure her note for $1,100. In November, 1901, Eliza
acquired by deed whatever title had vested in her sister at the
death of the testator, and was appointed and qualified as first
trustee under his will. In 1902 she resigned, and one Barlow was
appointed trustee in her stead, who as such trustee conveyed the
demanded premises to the tenant Conlan in October, 1902. In
November, 1902, the demandant made entry on the demanded
premises to foreclose his mortgage for a breach of its condition,

and duly recorded a certificate thereof. In 1903 Eliza J. Langley died, leaving a will dated September 25, 1902, which was duly allowed, and by which she devised the demanded premises to the tenants, Conlan and one McAleer whose administrator is joined in this writ.

The question is whether the demandant makes out a title on these facts. The first point to be considered is the execution of the power conferred upon Eliza J. Langley by the will of her father to dispose of the premises by will. It has been decided that a voluntary appointment made in execution of a general power is not good against creditors, and that by such appointment the property appointed becomes in equity a part of his assets. *Clapp* v. *Ingraham,* 126 Mass. 200. *Tuell* v. *Hurley,* 206 Mass. 65, 67. The question has never arisen in this Commonwealth whether the donee of a power can be estopped from a voluntary exercise of the power. But it seems to follow from the decisions just cited. It is only consonant with principles of fair dealing and common sense that any conduct by the donee of a power which in good faith precludes him from making an appointment should have the effect of an estoppel. Any dealing with the estate by the donee of the power inconsistent with its exercise by which the rights of others are affected puts an end to the power. It has been so held in other jurisdictions. *In re Hancock,* [1896] 2 Ch. 173. *Foakes* v. *Jackson,* [1900] 1 Ch. 807. *Leggett* v. *Doremus,* 10 C. E. Green, 122, 127. *Brown* v. *Renshaw,* 57 Md. 67, 79. *Grosvenor* v. *Bowen,* 15 R. I. 549. This principle prevails notwithstanding the general rule that appointees by exercise of a power take, not through the person making the appointment, but through the donor of the power. Where the execution of the power is voluntary on the part of the donee, his conduct may be such as to prevent the exercise of the power. This is such a case. Eliza J. Langley made conveyance in mortgage with full covenants of warranty to the demandant. She received for her own use the consideration of the mortgage. It is hard to conceive of conduct more decisively indicating in good faith a promise not to exercise the appointment to the prejudice of the mortgagee. It follows that the appointees under the will of Eliza J. Langley have no title in the demanded premises.

The will of John O. Langley created a life estate for the benefit

of his daughter Eliza. As he made no disposition of the property in the event of her failure to exercise the power of appointment, he was intestate to that extent. Hence the remainder vested in his heirs at law subject to the daughter Eliza's life estate and subject to be divested by the exercise of the power of appointment by her. At the time of the conveyance by Eliza to the demandant, she was therefore life tenant and owner in fee of one half the remainder subject to her own power of appointment, and shortly after this mortgage she acquired the entire interest in remainder, and was appointed trustee under the will of her father, being the first to qualify as such trustee. The inquiry is whether the conveyance to the demandant passed title so as to render ineffective the deed of Barlow subsequently appointed trustee. Under these circumstances there was a merger of the life interest and the ownership of the remainder so as to vest an absolute title in Eliza. It is a general principle that where property is given for the benefit of certain persons in such a way that no one else has or can have a possible interest in it, they are in effect absolute owners and should have the control and disposition. In such a case equity will decree a dissolution of the trust. *Sears* v. *Choate,* 146 Mass. 395. It also is held generally that where the legal and equitable title of real estate both vest in the same person, the equitable title will merge in the legal estate, and absolute ownership will ensue divested of the trust. 1 Perry on Trusts, (6th ed.) 347, and cases there cited. The present case calls for the application of this principle, and it works an equitable result. Eliza J. Langley was the beneficiary for life and the owner of one half the remainder. At this time there was no trustee. She personally acquired the entire remainder in fee and was appointed trustee. If the conveyance and mortgage had been made at this time about a year after it was in fact made, beyond doubt it would have conveyed a perfect title. The demandant as mortgagee put his mortgage upon record, so that it was notice to all the world, and the appointment of Eliza J. Langley as trustee was also matter of public record. The mortgage was also notice that the power of appointment could not be exercised by Eliza at the expense of the mortgagee or any person claiming under it. With notice of all these facts, the tenants accepted their conveyance. The result is that the conveyance to them passed no title,

and that the demandant by the mortgage and entry for possession under it has acquired title.

At the trial in the Land Court no evidence was introduced touching the demandant's damages, nor was any motion or order made postponing the assessment of damages for rents and profits or otherwise, until after the decision of the Land Court, when the demandant filed a motion that his damages for rents and profits and for waste be assessed by the court. This motion was denied, and the demandant excepted. Thereafter, but within the statutory time, the demandant claimed an appeal from the decision of the Land Court for a trial by jury in the Superior Court, and filed a motion to have issues relating to the assessment of his damages allowed as issues to be tried to a jury. This claim for appeal and motion were denied on the ground that no question of damages was raised in the decision sought to be appealed from. R. L. c. 179, §§ 12, 13, 21, in substance provide that if the demandant in a writ of entry recovers judgment, he shall in the same action recover damages for rents and profits, and that the jury shall assess such damages at the same time unless a postponement of the ascertainment of such damages is allowed on motion made before the verdict on the title. St. 1904, c. 448, transferred jurisdiction from the Superior Court to the Land Court of all writs of entry under R. L. c. 179. This means that no provisions of chapter 179 are repealed, but that they all shall be applicable to the proceedings in the court to which jurisdiction is transferred, so far as possible. It is true that a verdict in its strict sense can only be rendered by a jury, and the word does not include a finding by a court. *Bearce* v. *Bowker*, 115 Mass. 129. It does not follow, however, that because original and exclusive jurisdiction of writs of entry has been transferred to the Land Court, which has no jury, the provisions of §§ 12, 13 and 21 of R. L. c. 179, are of no effect in the Land Court. They govern its procedure with such changes as its inherent constitution makes necessary. The rule is, therefore, that damages for rents and profits and waste must be assessed at the same time that the trial of the title is had, unless motion is made for postponement of the assessment before the finding of the Land Court is filed. Moreover, apart from the statute, the general rule as to the trial of causes is that the parties must present all their evidence upon all issues pending, and cannot as of right have a

trial divided. When the statute was enacted giving a demandant the right to recover rents and profits in the same action by which his title was tried, the former common law remedies were superseded, and the statutory remedy became exclusive. *Raymond* v. *Andrews,* 6 Cush. 285. Inasmuch as the demandant proffered no evidence respecting damages, and made no motion to have that portion of the issues heard at a later time, he could not ask as of right that his damages for rents and profits be assessed after the decision of the Land Court as to the title was filed. His exception in this regard must be overruled. *Judd* v. *Gibbs,* 8 Gray, 435. It follows from this that he had no right to claim an appeal from the Land Court for a trial by jury upon this issue in the Superior Court. He was not a party aggrieved by any decision rendered by the Land Court. Upon the only issue which he proffered there the finding of the Land Court was in his favor. Hence he was not entitled to appeal. St. 1904, c. 448, § 8. There is nothing in *Mead* v. *Cutler,* 194 Mass. 277, or *Weeks* v. *Brooks,* 205 Mass. 458, 463, inconsistent with this conclusion.

In accordance with the terms of the report, judgment is to be entered for the demandant, but without damages.

. *So ordered.*