MARY M. W. GAHM & another *vs.* ABBIE W. WALLACE & another.

Suffolk.   January 7, 1913. — May 19, 1913.

Present: RUGG, C. J., MORTON, HAMMOND, BRALEY, & SHELDON, JJ.

*Writ of Entry,* Rents and profits.   *Land Court.   Damages,* In writ of entry.

Where in a writ of entry brought in the Land Court a trial by jury is claimed, and an issue upon the question of title is framed and sent to the Superior Court for trial, on which the jury return an answer in favor of the demandant, it is too late after the case has been taken up again in the Land Court for the demandant to claim for the first time damages for rents and profits, which by R. L. c. 179, §§ 12, 13, 21, must be assessed at the time of the trial of the title unless a motion for postponement is made "before the verdict on the title is recorded."

MORTON, J.   After the decision in 206 Mass. 39, execution was issued in favor of the plaintiffs in that suit, and the real estate which had been specially attached as the property of George E. Wallace, the principal defendant in that suit, was sold at ·sheriff's sale to the plaintiffs, the demandants in the present action, and all the right, title, and interest which the said George E. Wallace had therein at the date of the special attachment was conveyed to them.   The present tenant Abbie W. Wallace was not a party to that suit.   The ground of the attachment was that the property had been fraudulently conveyed by George E. Wallace to one Watson, and the court, as appears in 206 Mass. 39, in effect so ruled.   At the time of the attachment the record title was in Watson.   Subsequently it appeared that he was only a conduit and that the title had been conveyed by him to the defendant Abbie W. Wallace, wife of George E. Wallace.

This is a writ of entry brought under the provisions of R. L. c. 178, § 47, by the purchasers at the execution sale against Abbie W. Wallace, to recover possession of the premises conveyed to them by the sheriff's deed. Upon entry in the Land Court the demandants claimed a trial by jury and an issue was framed and sent to the Superior Court for trial. The jury answered in favor of the demandants. Exceptions were taken by the tenant to certain rulings and instructions by the presiding judge; but before the exceptions were entered in the full court a second mortgage on the premises which had been purchased by one of the demandants was foreclosed by her and thereupon the exceptions which had been taken by the tenant Abbie W. Wallace were waived by her in open court, and a receiver who had been appointed was discharged and the balance of the rents in his hands was paid over by him, under order of the court and with the consent of Abbie W. Wallace, to the demandants, and possession of the premises was delivered to parties who had purchased from the demandants. Thereupon the case came up in the Land Court on motion by the demandants that it be set down for hearing, and upon the judge of that court * inquiring whether rents and profits were claimed by the demandants and upon their stating that they were, he proceeded to hear and determine that question, subject to the objections and exceptions of the tenant. This was the first time in the present action, so far as appears, in which the demandants made any claim for damages for rents and profits.

The statute provides that "If the demandant recovers judgment, he shall recover in the same action . . . damages for the rents and profits . . . from the time when his title accrued," (R. L. c. 179, § 12,) and the demandants contended and asked the judge to rule that their title accrued at the time of the special attachment on November 17, 1908. But the judge ruled, subject to the objections and exceptions of the demandants, that it accrued at the time when they took the sheriff's deed, which was August 20, 1910. The case is here therefore on exceptions both by the demandants and the tenant Abbie W. Wallace.

We do not find it necessary to pass upon the question raised by the exceptions of the demandants, since we are of the opinion that

* *Davis,* J.

under the circumstances of this case the demandants are not entitled to recover any damages for rents and profits.

By R. L. c. 179, §§ 12, 13, 21, it is provided that if an issue of fact is found for the demandant the jury shall at the same time assess his damages unless the court on motion before the verdict on the title is rendered postpones the assessment of damages for rents and profits or other damages until after trial of the title and a verdict thereon. In *Langley* v. *Conlan,* 212 Mass. 135, it was held that R. L. c. 179, §§ 12, 13 and 21 govern the procedure of the Land Court with such changes as its inherent constitution renders necessary, and that damages for rents and profits must be assessed as there provided unless postponed on motion. In that case the trial was by the Land Court, and all questions of fact were determined by it as it is provided shall be done unless a jury trial is claimed. St. 1910, c. 560, § 1. But whether the trial is had and the facts are determined by the Land Court or by a jury can on principle make no difference as to the application of a statute requiring that damages for rents and profits shall be assessed at the same time that an issue of fact is found for the demandant unless it has been postponed on motion. There are no insuperable difficulties in the application of the statute to the Land Court as was in effect declared in *Langley* v. *Conlan, supra,* and the reasons are as strong in one case as in the other for requiring parties to present all their evidence at one and the same trial upon all the issues which they desire to have tried unless good cause is shown to the contrary.

In the present case an issue was submitted to the jury which involved the trial of the question of the defendant's title, and the fact was found in favor of the demandants. But no claim was made for the assessment of rents and profits, nor was any motion made to have the assessment of rents and profits postponed. And it was not until after the case was taken up again in the Land Court, after there had been a jury trial on the question of title in the Superior Court, that the demandants claimed damages for rents and profits. We think that the claim was made too late. See *Langley* v. *Conlan, supra; Judd* v. *Gibbs,* 8 Gray, 435. Whether if the demandants were entitled to damages for rents and profits they should be assessed from the date of the special attachment, or from the date of the sheriff's deed, it is not necessary to consider.

The result is that in the opinion of a majority of the court the demandants' exceptions must be overruled and the tenant's exceptions sustained.

*So ordered.*

*A. Lincoln,* for the demandants.
*W. D. Turner,* for the tenants.