HENRY W. MONTAGUE & another, trustees, *vs.* GEORGE D. SILSBEE & others.

Suffolk.    December 5, 1913. — May 25, 1914.

Present: RUGG, C. J., LORING, BRALEY, & DE COURCY, JJ.

*Contract,* Construction.    *Power.    Estoppel.    Bankruptcy,* Trustee.    *Words,*
"Heirs at law."

If a beneficiary for life under a trust created by will, who has a power of testamentary appointment over the trust fund which in default of such appointment will go to his heirs at law, declares, in order to procure a loan of money, that he has made a will by which he has appointed the trust fund to others and that such an appointment will make the appointed property assets for the payment of his creditors, this is not an agreement to make an appointment in favor of the lender of the money nor an agreement not to die intestate.

If a beneficiary for life under a trust created by will, who has a power of testamentary appointment over the trust fund which in default of such appointment is to go to his heirs at law, declares, in order to procure a loan of money, that he has made a will by which he has appointed the trust fund to others and that such an appointment will make the appointed property assets for the payment of his creditors, and afterwards dies intestate, this statement of the beneficiary for life can create no estoppel that will bind his heirs at law, who take the trust fund not from him but from the original testator; and, even if one of the heirs at law joined in making the statement to induce the loan, he would be estopped to deny merely that a will had been made and existed at the time of the statement and would not be precluded from showing that a will then in existence afterwards was revoked.

Under the bankruptcy act of 1898 as amended by U. S. St. 1910, c. 412, § 8, whatever the powers of a trustee in bankruptcy over the estate of the bankrupt may be, such a trustee cannot make an appointment under a power which was to be exercised by the bankrupt only by will, even when the bankrupt is alive, much less after he is dead.

LORING, J. By his last will and testament Nathaniel Silsbee left the residue of his estate in trust to pay the income in equal portions to two sons and a daughter, and "at the death of either or all of my children, their portion of the principal of this trust shall be paid over as he or she may have by their last will directed, and in default of such will to their heirs at law."

In June, 1912, the elder of these two sons (Nathaniel D. Silsbee by name) died intestate, and the defendant Bradish was appointed administrator of his estate. In the month of January next before his death he was adjudicated a bankrupt and the defendant Demelman was appointed trustee of his estate in bankruptcy.

Later this bill was filed by the trustees under the will of Nathaniel the elder, asking for instructions as to the persons entitled to the corpus of that portion of the trust fund, the income of which was payable to Nathaniel the son during his lifetime. One of the creditors of Nathaniel the son was made a party defendant, and three others intervened as claimants. A decree was made by the single justice * directing the trustees to pay the portion of the trust fund above mentioned to the widow and children of Nathaniel the son as his only heirs at law. Appeals were taken from this decree by the four creditors, by the administrator and by the trustee in bankruptcy. The case is before us on the evidence taken by the commissioner appointed at the hearing before the single justice.

The power of appointment given to Nathaniel D., the life tenant, was a general one. If he had desired to do so he could have made an appointment in favor of a particular creditor or of all persons who should be his creditors at his death, as to which see *Harmon* v. *Weston*, 215 Mass. 242. If to induce a creditor to lend him money he had made a valid agreement to exercise the power of appointment in his favor or in favor of all creditors including him, the question which has been argued by the appellants in the case at bar would have arisen. At most what took place was

---

* *De Courcy*, J.

an assurance by the life tenant that he had made a will containing an appointment in favor of third persons, and that he was advised by counsel that, under the law of Massachusetts, in case such an appointment was made, his creditors would have to be paid before his appointees took. Doubtless that statement of the law is correct where the appointees are volunteers. See *Clapp* v. *Ingraham*, 126 Mass. 200, and *Harmon* v. *Weston*, 215 Mass. 242, 248, where the intervening cases are collected.

The appellant creditors' contention is that these statements were made to induce them to lend money to the life tenant, and that a finding should be made that the life tenant thereby impliedly agreed not to revoke the will or at any rate not to die without having exercised the power of appointment. To that contention we are not able to assent. The question of exercising the power in favor of creditors never was broached. Yet an agreement to that effect would have been the way to secure payment to them out of the life tenant's portion of the trust estate, if that had been what was intended. In place of asking for that, the appellants took the statement of the life tenant that he had made a will by which he had appointed this portion of the trust estate to others, and that such an appointment by will would make the property appointed assets for the payment of his creditors. A will is ambulatory until death, and can be revoked at any time by the testator. That is common knowledge with which the appellant creditors are chargeable. Yet, knowing that, the creditors not only did not ask for an agreement binding the life tenant to make an appointment in their favor, but they did not ask him to agree not to die intestate. In saying this we have not overlooked the testimony given by Kirby that in 1897 or 1898 the life tenant did state to him that he would exercise the power by making a will. But that was six or seven years before the date of the first of the unpaid loans here in question made by Kirby to the life tenant. There was no evidence that such an assurance was repeated to Kirby when the money here in question was lent by him. Nor was there evidence that such an assurance was given to the other creditors. Why the appellants stood content with the statement that at the time of the loan a will had been executed which indirectly made the portion of the trust estate here in question assets for creditors by an appointment in

favor of third persons, is a matter of conjecture. But it is the fact that they did stand content with that statement and did not ask for an agreement which directly or indirectly should give to them a right to be paid out of the trust estate. · We express no opinion upon the appellant creditors' contention that if such an agreement had been made it would have amounted to a defective execution of a power which equity would aid — as to which see *Coates* v. *Lunt,* 210 Mass. 314.

The appellant creditors' second contention is that, if these statements do not amount to an agreement, they create an estoppel; and they rely in this connection on *Langley* v. *Conlan,* 212 Mass. 135. So far as statements made by the life tenant are concerned, the answer to this contention is that the appellees, to whom the decree directs that the portion of the trust estate here in question shall be paid, are not the life tenant and do not take under him. They take as legatees under the will of the original testator. In default of appointment this portion of the trust estate was given to the heirs at law of the life tenant. The words "heirs at law" are not words of limitation, but of purchase. They are the *descriptio personarum* to whom the original testator bequeathed this portion of the trust property upon the death of the life tenant, in case the life tenant did not exercise the power of appointment given him by the will. The appellees take under the bequest, not under the life tenant. For that reason the appellees would not be bound by the estoppel, if these statements of the life tenant did create one.

But there was evidence that George D. Silsbee, one of the heirs of the life tenant, also made statements to the effect stated above, and that these statements were made in procuring loans to his father, the life tenant, and the creditors contend that however it may be with the other heirs at law George D. Silsbee is estopped. That evidence makes it necessary to decide whether these statements raise an estoppel. In our opinion they do not. These statements would preclude the person making them from showing that a will had not been made. It is admitted that a will had been made, and on the evidence that will had been revoked. What the creditors are seeking to make out by their claim of an estoppel is that the person making the statement is estopped to show that the will had been revoked. There is nothing in these statements

which estops the person making them from showing that the will which was then in existence subsequently was revoked. That being so, these statements did not work an estoppel in this case.

Since the argument we have received a paper headed, "Supplementary pages of brief of Kirby and Saunders." This paper does not comply with Rule 1 of the rules of the full court, and it is not signed by party or attorney or counsel. In this paper it is stated that "the claimants ask that the decree may be suspended; and that they be given leave to offer proof of the contents of the will executed by N. D. Silsbee in the Probate Court, such proof to be offered merely for the qualified or limited allowance of the will to show an exercise of the power of appointment." If this be treated as a motion it must be denied. It is not supported by an affidavit of facts. On the facts disclosed in the record there is no occasion for a suspension of the decree.

The trustee in bankruptcy of the life tenant has made the contention (as we understand it) that under the bankruptcy act of 1898 or the amendment U. S. St. 1910, c. 412, § 8, the trustee is vested with all powers which the bankrupt or a creditor had, and that the trustee now can appoint the portion of the trust fund to creditors by exercising the power of appointment given to the life tenant. But whatever may be the effect of these statutes, they do not enable a trustee in bankruptcy to make an appointment under a power which was to be exercised by the bankrupt by will and by will only, even when the bankrupt is alive, much less when he is dead. We have examined the cases cited by the trustees and find nothing in them which helps him in his contention.

It follows that the decree of the single justice must be affirmed; and in our opinion the appellees are entitled to recover one set of costs in this court from the appellants. It is

*So ordered.*

*H. M. Davis,* (*F. Rackemann* with him,) for the widow and children of Nathaniel D. Silsbee except his son George D. Silsbee.

*C. H. Dow,* for the defendant the William S. Osborne Company and the defendant Lemuel E. Demelman, trustee in bankruptcy.

*C. Warren, C. Hunneman & R. S. Fenn,* for the claimants John H. Kirby and Charles G. Saunders, submitted a brief.