Tomasbllo, J.
This is an action of contract in which the plaintiff seeks to recover the sum of thirty-five dollars for medical services rendered the defendant’s minor son. The defendant was described in the writ as of Binghamton, County of Broome, State of New York. There was an attachment by trustee process on the original writ and the trustee answered funds of forty-five dollars, and a motion to charge the trustee on his answer was allowed on February 14, 1939. There was no answer filed for the defendant. The. writ was dated October 31st, 1938, and returnable to the Municipal Court in the City of Boston November 19th, 1938, showing no service upon the defendant. On November 25th, 1938, the plaintiff filed *390 a motion for an order of notice. This motion was allowed and an order of personal notice was issued by the court and made returnable December 24th, 1938. The order of notice called for service by the plaintiff on the defendant by registered mail addressed to the defendant at 60 Court Street, Binghamton, County of Broome, State of New York. The return receipt was not signed by the defendant and the plaintiff’s attorney certified that he had complied with the order of the court. On January 9th, 1939, the plaintiff again made a motion for an order of notice which motion was allowed and an order of personal notice was issued by the. court, returnable February 4th, 1939. This order called for service upon the defendant by registered mail addressed to said defendant at 185 Washington Street, Binghamton, County of Broome, State of New York. The return receipt was not signed by the defendant and there is a notation that the registered mail was refused by H. L. Walker. . The plaintiff then made a motion to default the defendant for failure to appear and answer. This motion was allowed on February 10th, 1939 and thereafter the defendant received a postcard from the Clerk’s Office notifying him of the default. On February 14th, 1939, the defendant’s attorney appeared before the court and requested the court to remove the default by motion, which request and motion were denied by the court.
The records and documents on file in the case to which the report states reference may be had, fail to disclose either a motion in writing to remove the default, an affidavit of defence as a cause for said removal, written requests for rulings of law based upon the trial judge’s refusal to allow the motion in question, or a writing indicating the mode of the defendant’s appearance.
In the case of Temple Co. v. Thorndike, No. 94349 (1927) Municipal Court of Boston 24 App. Div. 318, Bolster, C. J. *391 stated, “The petitioner apparently fails to realize that this division (referring to the Appellate Division), by the terms of its organic law, functions only in review of rulings of law. That excludes all issues of fact and all matters of judicial discretion. Assuming that all the petitioner asserts to be true, the removal of the default Avas still discretionary, not a matter of right”.
There is nothing in the report to indicate that the motion to remove the default was in Avriting or supported by an affidavit in conformity with rules 14 and. 22 of the Court. Temple Co. v. Thorndike, supra. Nor does it appear that Avritten requests for rulings, saving the rights of the appellant, Avere filed in compliance Avith Rule 28. Madden v. Boston Elevated Ry. Co., 284 Mass. 490.
The appellant further contends that the method of giving notice by order of Court constituted a deprivation of the appellant’s constitutional rights Avithout due process of law.
Without deciding, but assuming the correctness of the want of sufficient service, the appellant was not thereby harmed, since any judgment that the court might render, founded on the default, and the facts proved by the plaintiff, would not be binding upon the defendant to make him liable directly, inasmuch as there would be no service that would give jurisdiction to adjudicate against him personally. Eliot v. McCormick, 144 Mass. 10; Pennoyer v. Neff, 95 U. S. 714.
The plaintiff would become entitled to a judgment, in the event of an effectual attachment, which would be good only as against the property attached, and unless the default was removed, the defendant would be obliged to wait until the judgment was rendered and then to proceed by a Avrit of error, a writ of review, or otherwise. Before the default he could have appeared specially, simply for the purpose *392 of objecting to the jurisdiction, without thereby submitting to the jurisdiction of the Court. Gahm v. Wallace, 206 Mass. 39, 42.
The defendant was not entitled to a removal of the default merely for the purpose of questioning the jurisdiction of the Court; Gahm v. Wallace, 206 Mass. 39, 43, and his appearance by counsel without the purposes thereof having been specified in writing constituted a general appearance under Rule 8, so as to have given the court jurisdiction of the parties.
The order is—
Report dismissed.