ELIZABETH MORAN MORGAN and FANNY B. MORGAN, Respondents, v. FIDUCIARY TRUST COMPANY OF NEW YORK, as Trustee under a Certain Trust Agreement Dated November 2, 1933, Made by and between EDWIN D. MORGAN, JR., and Said FIDUCIARY TRUST COMPANY OF NEW YORK; EDWIN D. MORGAN, JR., and Others, Respondents, and JOSEPH LORENZ, Trustee in Bankruptcy of RICHARD WHITNEY, and of Others, Appellant.— Action in equity for a declaration of the rights of the plaintiffs and defendants in a certain trust estate, for an accounting and particularly for a declaration that the defendant trustee in bankruptcy has no right, title or interest in the said trust. Judgment, in so far as appealed from, affirmed, with costs. Findings and conclusions approved. No opinion. Lazansky, P. J., Hagarty, Taylor and Close, JJ., concur; Adel, J., dissents in part, and votes to grant certain relief to the appellant, trustee in bankruptcy of the donee of the power described in the trust instrument, with the following memorandum: I concur in the approval of the conclusion that the mother is the real settlor of the trust. Consequently, section 34 of the Personal Property Law is inapplicable. It seems to be settled that the appellant is entitled to no relief under sections 149 and 152 of the Real Property Law (Cutting v. Cutting, 86 N. Y. 522), or under clause (3) of sub-

division (a) of section 70 of the Bankruptcy Act.■ (*Montague* v. *Silsbee*, 218 Mass. 107; 105 N. E. 611.) Under section 164 of the Real Property Law, however, the trustee in bankruptcy is entitled to the power to dispose of the corpus of the trust. That power, which is given to the respondent bankrupt by the trust instrument, is general and beneficial under the definitions of article 5 of the Real Property Law. Section 164 provides that such a power passes, upon insolvency of the grantee, to his trustee in bankruptcy. Accordingly I believe that the judgment should be modified by striking the words " and to the disposition of the principal of " from subdivision (10) of the fourth decretal paragraph and by adding a provision thereto that the power granted by the trust instrument passes to the appellant and that the appellant is entitled to the corpus of the trust upon the death of the survivor of plaintiff Elizabeth Moran Morgan and defendant Edwin D. Morgan, Jr. As thus modified, the judgment should be affirmed.