PACKARD CLOTHES INC. *vs.* DIRECTOR OF THE DIVISION OF
EMPLOYMENT SECURITY.

Suffolk.   March 5, 1945. — June 4, 1945.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & SPALDING, JJ.

*Employment Security. Corporation*, Corporate entity. *Statute*, Construction.

St. 1943, c. 534, § 1A, although inapplicable to the facts in a certain case, might be considered in determining the scope of the statute amended by it, § 14 of G. L. (Ter. Ed.) c. 151A, as appearing in St. 1941, c. 685, § 1.

A corporation organized and controlled by its majority stockholder, which in fact became his successor in carrying on two businesses formerly conducted by him individually and became the employer of all the employees of both businesses, another corporation organized by him at the same time to succeed to one of the businesses becoming merely an empty shell without employees, was the successor employing unit of him as the former employing unit within §§ 1 (j), 8 (d), of G. L. (Ter. Ed.) c. 151A as appearing in St. 1941, c. 685, § 1, and, under § 14 as so appearing before its amendment by St. 1943, c. 534, § 1A, was entitled to the merit ratings previously acquired and enjoyed by him; the corporate entity might be disregarded in the circumstances.

CONTRACT.   Writ in the Superior Court dated June 8, 1943.

The action was heard by *Cabot*, J.

*J. J. Leonard,* by designation of the Attorney General, for the defendant, (*J. S. Mitchell,* Assistant Attorney General & *T. A. Delmore* with him).

*W. Gordon,* for the plaintiff.

DOLAN, J.   This is an action of contract brought under G. L. (Ter. Ed.) c. 151A, § 18, as it appears in St. 1941, c. 685, § 1, to recover alleged excessive contributions assessed to and paid by the plaintiff. See *Griswold* v. *Director of the Division of Employment Security*, 315 Mass. 371, 374.   The action was heard upon a case stated.   The facts set forth therein may be summed up as follows: One Abraham Close prior to January 1, 1942, was an employer doing business

under the trade name of Packard Clothes, and also under the trade name of Abraham Close Manufacturing Company, and was an employer subject to the provisions of the statutes relative to unemployment compensation from January 1, 1936, to December 31, 1941. The businesses were concerned with the purchase of "suiting material and selling men's clothes at retail." Close employed approximately fifty persons during that period, and on December 31, 1941, he employed fifty-four persons. As a subject employer he filed reports and paid contributions at the rate of two and seven tenths per cent. On April 1, 1942, he was notified that in pursuance of said c. 151A, § 14, his contribution rate was reduced to one per cent as of January 1, 1942. On December 31, 1941, Close ceased doing business under the name of Packard Clothes and of Abraham Close Manufacturing Company, having procured the incorporation of the plaintiff, Packard Clothes Inc., of which he has been at all times since the majority stockholder and person in control. On January 1, 1942, this corporation acquired and began operation of the business formerly carried on by Close as Packard Clothes. At about the same time Close procured the incorporation of Abraham Close, Inc., which on January 1, 1942, acquired and began operation of the business formerly carried on by Close under the name of Abraham Close Manufacturing Company. Close has since been the majority stockholder of Abraham Close, Inc., and the person in control of that corporation. He ceased doing business as an individual on December 31, 1941. On June 26, 1942, Close filed an application with the division of employment security, hereinafter referred to as the division, requesting that he be relieved from filing contribution reports and wage reports and from paying contributions to the division. This application was allowed by the division effective as of January 1, 1942. On September 24, 1942, the plaintiff was determined to be an employer under the provisions of said c. 151A, as amended, and notified that its contribution rate was two and seven tenths per cent. Similar action was taken by the division on the same day with respect to Abraham Close, Inc. For the first quarter of 1942 all the employees

formerly of Close as an individual were erroneously so reported to the division. For the second and third quarters they were all erroneously reported to the division as employees of Abraham Close, Inc. For the fourth quarter all of these employees were reported by the plaintiff, Packard Clothes Inc. In order to rectify these mistakes and because all employees formerly of Abraham Close as an individual were employees of Packard Clothes Inc., and to carry out the intent of Packard Clothes Inc. to employ all employees formerly of Abraham Close as an individual as of January 1, 1942, on February 3, 1943, Abraham Close as treasurer of Abraham Close, Inc., and as an individual authorized the transfer of wage records and contributions paid to the division of employment security by Abraham Close as an individual and Abraham Close, Inc., to the account of Packard Clothes Inc. for the period beginning January 1, 1942. On March 29, 1943, Abraham Close, Inc., filed an application with the division requesting that it be suspended from filing contribution and wage reports as of January 1, 1942, and stating that all employees were paid by Packard Clothes Inc. and reported by it. On the basis of said application Abraham Close, Inc., was suspended by the division from filing contribution and wage reports and paying contributions to the division as of January 1, 1942.

On October 20, 1942, Packard Clothes Inc. and Abraham Close, Inc., by Abraham Close, treasurer of both corporations, protested a contribution rate of two and seven tenths per cent and requested a hearing by the division of employment security. "On February 3, 1943, a hearing was held by the status division acting for the director and on the same facts stated (1) a finding was made that Abraham Close, Inc. is not entitled to be considered a continuing entity to Abraham Close d/b/a Abraham Close Mfg. Co. for the purpose of computing contribution rates because this corporation did not acquire all the business of the predecessor although the ownership of both Abraham Close, Inc. and Packard Clothes Inc. remains entirely with Abraham Close, and (2) a finding was made that Packard Clothes Inc. is not entitled to be considered a continuing entity to

Abraham Close d/b/a Packard Clothes for the purpose of computing contribution rates because this corporation did not acquire all the business of the predecessor although the ownership of both Abraham Close, Inc. and Packard Clothes Inc. remains entirely with Abraham Close." For the first and second quarters of 1942 the plaintiff paid contributions to the division at the rate of one per cent, the same as most lately paid by Close as an individual. On October 5, 1942, the division demanded payment of contributions by the plaintiff at the rate of two and seven tenths per cent retroactive to January 1, 1942. Payments were made accordingly by the plaintiff, but under protest, which exceeded one per cent in the amount of $868.45, the sum it now seeks to recover. The plaintiff duly made application for refund as provided in said c. 151A, § 18, but the application was denied in writing by the director on May 28, 1943. "In the administration of the act prior to the 1943 amendment, the director allowed a successor employer the merit rate of the predecessor employer if he found in fact that the successor employer was the continuing entity in whole of the predecessor employer."

After hearing the judge "found" for the plaintiff and assessed damages in the sum of $868.45. The case comes before us on the defendant's appeal. See G. L. (Ter. Ed.) c. 231, § 96.

Section 8 of said c. 151A provides that any "employing unit shall be subject to the provisions of this chapter who or which, or whose agent: . . . (d) Has acquired the organization, trade, or business, or substantially all the assets thereof, of another employing unit which at the time of such acquisition was an employer; or (e) Has acquired a part of the organization, trade, or business of another, which part, if a separate organization, trade or business, would have been an employer." Section 1 (i) of the statute defines an employer as "any employing unit subject to this chapter."[1] Section 1 (j) of the statute defines an em-

[1] Under statutes similar to ours the New Jersey unemployment compensation commission allows transfer of merit ratings apart from the structure of the business, where there is continuity of the business operations. P. H. Unemployment Insurance Service, § 27,546.10, New Jersey.

ploying unit as "any individual or type of organization including any partnership, firm, association, trust, trustee, estate, joint stock company, insurance company, corporation, whether domestic or foreign, or his or its legal representative, or the assignee, receiver, trustee in bankruptcy, trustee or successor of any of the foregoing or the legal representative of a deceased person who or which has or subsequent to January first, nineteen hundred and forty-one, had one or more individuals performing services for him or it within this commonwealth."

Section 14 of said c. 151A contains the provisions for the determination of the rate of contribution to be made by the employer to be based upon experience or merit ratings. It is unnecessary to recite in detail the provisions of this section, since no contention is made as to the rate of contributions that should be paid by the plaintiff in case it is entitled to the same rate as that enjoyed by Close when he ceased to conduct the business as an individual. The defendant, however, has stressed the fact that no provision is made in § 14 for the transfer of a rating to a successor employing unit. The defendant has also referred in this connection to St. 1943, c. 534, § 1A, [1] which amended § 14

---

[1] "Section fourteen of said chapter one hundred and fifty-one A is hereby amended by inserting after subsection fourteen (b) the following: — 14. (c) For the purposes of this section, when the employing enterprises of an employer or employers are continued solely and without interruption by an employing unit not previously subject to this chapter, the contribution record of the predecessors and the record of workers' benefit wages which were charged or would have been charged to the predecessor employer or employers, if no change in legal identity or form had occurred, shall cease to be the records of the predecessor employer and shall become part of the records of the successor employing unit in determining his benefit wage ratio in the following cases: 1. Where two or more employers are consolidated into a new employing unit. 2. Where a new employing unit consisting of one or more of the former partners or one or more of the former partners and one or more individuals so succeeds to the employing enterprises of the previous partnership. 3. Where a partnership of which the individual is a member so succeeds to the employing enterprises formerly carried on by that individual. 4. Where a receiver, trustee, executor, administrator or other officer under designation or approval of a court for the purposes of carrying on pending liquidation or reorganization as such, so succeeds to the employing enterprises carried on by his predecessor. Provided, however, that in each instance, except item 4 above, the succeeding employing unit shall have guaranteed to the director payment of all contributions required of the predecessors; and provided, further, that for the balance of the calendar year in which any such change of identity or form occurs the contribution rate of the succeeding employing unit shall be the rate applicable to the predecessor or predecessors except under item 1 above when for the balance of such year

as it appears in St. 1941, c. 685, § 1, by adding provisions for the continuance of rates of contribution of predecessor employing units in certain cases, and has argued that significantly this amendment did not apply to the facts in the present case. While St. 1943, c. 534, was enacted after the exaction and payment of the contributions by the plaintiff here in question, it is appropriate to consider its terms, dealing as they do with the same subject matter, so that, so far as possible, all the provisions of the statutes relative thereto may be made effectual pieces of legislation in harmony with common sense and sound reason. *Morrison* v. *Selectmen of Weymouth*, 279 Mass. 486, 492. *Ring* v. *Woburn*, 311 Mass. 679, 693. The amendment just referred to may be resorted to for the discovery of legislative intention. *Hurle's Case*, 217 Mass. 223, 226.

Thus considered we are of opinion that, upon the facts set forth in the case stated, the plaintiff was the successor in fact of Close in the business formerly conducted by him as an individual under the name of Packard Clothes and Abraham Close Manufacturing Company. Concededly the plaintiff was in law a separate entity, but it is difficult to conceive of a more complete factual succession than that by the plaintiff to the individual businesses of Close involved, comprising, as it does, within the corporate form all of his former employees, under the same actual control and management by Close, who was substantially the sole stockholder. The plaintiff was so treated by the division itself when it released Close as an individual and Abraham Close, Inc., from filing contribution and wage reports as of January 1, 1942, because all of the former employees of Close as an individual and Abraham Close, Inc., were in fact the employees of the plaintiff, and neither Close nor

---

the rate shall be 2.7%. The provisions of this subsection shall apply in determining the contribution rates of employers for the year nineteen hundred and forty-two and for subsequent years provided that the successor employing unit has filed with the director a notice of such change in legal identity or form of the employer or employers, such notice to be filed in the form and manner prescribed by the director within three months after the date on which this act becomes effective, or within two months after the last day of the quarter in which said change occurred, whichever is later. The provisions of this subsection shall not apply where an employer acquires the employing enterprises of another employing unit."

Abraham Close, Inc., had any employees. This was in accord with the practice of the division prior to the enactment of St. 1943, c. 534. Manifestly Abraham Close, Inc., was no more than an empty shell. We are of opinion that in these circumstances the plaintiff was the successor employing unit in toto of the former employing unit within the meaning of §§ 1 (j), 8 (d) (e), and as such entitled to the merit ratings previously acquired by Close. It is competent to pierce the veil of the corporation and to disregard the corporate form, and to consider substance rather than form in order to carry out the legislative intent. *Munson Steamship Line* v. *Commissioner of Internal Revenue*, 77 Fed. (2d) 849, 850, 851. See *C. A. Lund & Co.* v. *Rolfe*, 93 N. H. 280; *S. & J. Supply Co.* v. *Warren*, 191 Okla. 683, 684; 51 Harv. L. Rev. 1373, 1402–1403, and cases cited.

We are of opinion that the absence from § 14 as it appears in St. 1941, c. 685, § 1 of any provision for the transfer of merit ratings does not mean that a successor employing unit, such as the plaintiff, is not entitled to enjoy the merit ratings acquired and enjoyed by the predecessor employing unit at the time of the succession. That the Legislature did not so intend is evidenced by the provisions of St. 1943, c. 534, § 1A. It is unnecessary to consider the retroactive features of that statute since they do not touch the facts in the present case. That amendment provided for transfers of merit ratings in four specific cases. An examination of the statute reveals that in the cases provided for no continuity of the management and control by the predecessor unit is essential. The present case may be contrasted with case number one, set out in the amendment of 1943, where the transfer of merit ratings is permitted where "two or more employers are consolidated into a new employing unit." It would do violence to rational processes to conclude that the Legislature intended to confer the benefits of merit ratings enjoyed by two or more employers who consolidated into one employing unit, and to deny the benefit of such ratings in the case, as here, of one individual employer who incorporated his individual businesses

in the manner hereinbefore set forth.[1]  We think that the amendment was intended to clarify the subject matter and to assure transfer of merit ratings in the particular cases specified, leaving the subject as to cases such as the present one to be governed by those provisions of § 14 that were unaffected by the amendment.

The defendant has relied in part on *C. A. Lund & Co. v. Rolfe*, 93 N. H. 280.  In that case, however, while the court referred to the absence of any provision for transfer of the merit rating of a predecessor to a successor employing unit, the predecessor in that case being a corporation, and the successor a partnership, the court, indicating its readiness "to pierce 'the veil of corporate structure'" for the purpose of accomplishing justice, pointed out that, contrasting the stock ownership with the composition of the partnership, it could not be said that the partnership was the corporation in a different form.  That distinguishes the case from the case at bar.  The case of *George* v. *Unemployment Compensation Commission*, 42 Del. 558, also relied upon by the defendant, is likewise distinguishable from the present case, since the court there held that there was no real continuity of interest and identification in the successor employing unit with respect to the predecessor individuals who had been carrying on the business.  We are not called upon to decide whether upon the facts of that case a different result would be reached in this jurisdiction in the light of the provisions of St. 1943, c. 534, relating to the succession to the employing enterprises of a previous partnership and the rate benefits.  No such statute is referred to in the *George* case.  So far as the cases of *Schwob Manuf. Co.* v. *Huiet*, 69 Ga. App. 285, and *Florida Industrial Commission* v. *Schwob Co. of Florida*, 153 Fla. 356, may be in conflict with our views we do not follow them.

*Order for judgment affirmed.*

---

[1] In a case of this character the Attorney General of Texas rendered an opinion (Opinion O–4493, March 27, 1942) that benefits accruing to employees of an individual would be preserved to them after change in legal identity of a business to a corporation.  P. H. Unemployment Insurance Service, § 29,593, Texas.  See also P. H. Unemployment Insurance Service, § 27,546.10, New Jersey;  P. H. Unemployment Insurance Service, § 27,546.8, Ohio;  P. H. Unemployment Insurance Service, § 27,546.4, Oklahoma.