Riley, J.
This is an action of contract seeking to collect the sum of thirteen thousand three hundred and twenty dollars ($13,320.00) assessed as contributions to the defendant as the employing unit of certain individuals who rendered service to the defendant during the years 1938 to 1944 (both inclusive).
It is brought under the provisions of Gr. L. (Ter. Ed.)-c. 151A as amended, by writ dated February 21, 1945, the assessment having been made on February 8, 1945.
The defendant’s answer consisted of a general denial and several special defenses including illegality of assessments.
The trial judge found for the defendant generally, after having made a special finding of facts and three voluntary *93 rulings of law and having disposed of the plaintiff’s requests for rulings, all of which appear later in this opinion.
According to the evidence contained in the report it appears that prior to the year 1938, the defendant, F. L. Dunne Company, was an employer under the provisions of General Laws, chapter 151A, by reason of having eight or more employees for a period of at least twenty weeks during the calendar years. That the defendant therefore during said period including the years 1938, 1939, 1940, 1941, 1942, 1943 and 1944 filed with the plaintiff contribution reports for a certain number of employees and paid the tax assessed therefor, to the plaintiff. That in the year 1941 the plaintiff by and through its agents designated as field men made investigation relative to the numbers of the defendant’s employees, and discovered that the defendant had certain persons called journeymen tailors who performed services for the defendant and for whom the defendant had not reported, but for whom the defendant was paying to the Federal Government the social security tax commonly known as “old age insurance;’’ and upon whose wages the defendant withheld money for income tax, for the Federal Government. These taxes and withholdings on account of the Federal Government were made under protest.
These journeymen tailors were engaged in the making of clothes for the Dunne Company, but not on the premises of Dunne. They did their respective work according to specific directions which accompanied the materials furnished by Dunne Company, on their own time, either at home or in a shop if they had one. Some journeymen tailors worked alone, while others had help in the form of employees of their own. One journeyman tailor testified that he worked for others than Dunne, and that he paid to the Massachusetts Division of Employment Security, security ta.x for the persons who worked for him.
*94 The controversy between the Division of Employment Security and the F. L. Dunne Company over the status of these workmen having continued for some time, on June 11, 1941 the plaintiff made a determination that the defendant was also the employer of these journeymen tailors in issue, and as such should report and make contributions when assessed; and notified the defendant of such determination by letter of even date. Therefore, under date of June 13, 1941, the defendant, F. L. Dunne Company, through its attorney, directed a letter to the Director of the Division of Employment Security, as follows: *95 which letter the trial judge treated of in his finding of fact, and which he ruled constituted a request for a hearing. Admittedly no hearing was ever held, and no assessment was made at this time.
*94 June 13, 1941.
Mr. Robert E. Marshall, Director Commonwealth of Massachusetts Division of Unemployment Compensation 1 State Street Boston, Massachusetts
Attention: Mr. John A. Hayes
Dear Sir: Be: F. L. Dwrme Go.
This will acknowledge receipt of your letters dated June 11 and June 12, 1941.
No doubt you are aware that our attitude in this matter has been from the beginning that the employees working on the outside and who in many instances hire helpers and keep hours to suit themselves are independent contractors. Our opinion has not changed and since these cases are individual in that each of the outside persons performing work for us may or may not, as the case may be, be working for others, I assume that you will set this matter down for hearing sometime in the future in order that we may be represented when an official determination may be made as to the status of these individual persons.
Very truly yours,
ALAN SESERMAN
AS :AJS
*95 . In the year 1942, the defendant, by reason of the fact that there was pending in the Municipal Court of the City of Boston for the transaction of civil business, an action brought by one of the journeymen tailors (of the group in controversy) to collect unemployment benefits as an employee of this defendant, F. L. Dunne Company, requested the plaintiff to defer the levy of any assessment under its determination of status of June 11,1941 to await a decision in the pending case. The plaintiff did defer.
Subsequently, but still in the year 1942, the action just referred to was tried and the one claimant (one of the group in controversy) was found by the court to be entitled, as an employee of the defendant, F. L. Dunne Company, to employee benefits.
The plaintiff continued the deferment of any assessment under its determination of status of June 11, 1941, until February 8, 1945 on which date assessment was made for the years 1938, 1939, 1940, 1941, 1942, 1943 and 1944, and the defendant notified thereof; and requested to supply the names of said journeymen tailors on the Division’s official wage reports. The defendant never complied with the request and never paid the assessment for five years. Accordingly the Director brought this action of contract to collect the overdue amounts.
The defendant presented evidence to the trial judge, in the form of witnesses to support its contention that the journeymen tailors were not employees but were in fact independent contractors.
At the proper time the plaintiff filed the following requests for rulings:
*96 (1) Upon all the evidence the finding should be for the plaintiff. (2) The plaintiff is entitled to recover under provisions of G. L. c. 151A and amendments thereto. (3) The defendant is an employer under G. L. c. 151A and amendments thereto. (4) The journeymen tailors hired by the defendant for the years 1938 through 1944 inclusive, and upon whom the plaintiff assessed the defendant, were employees of the defendant under G. L. c. 151A and amendments thereto. (5) The services of the journeymen tailors who were employed by the defendant for the years 1938 through 1944 inclusive, and upon whom the plaintiff assessed the defendant, was employment under G. L. c. 151A and amendments thereto. (6) The status of the individuals upon whom the defendant was assessed by the plaintiff in the case at bar is not an issue, and the decision of the case at bar does not rest upon said status. (7) The legality of the determination of status and the assessment of contributions relative to the journeymen tailors hired by the defendant from 1938 through 1944 inclusive is not open to question in the action at bar. (8) The journeymen tailors hired by the defendant from 1938 through 1944 inclusive, and upon whom the plaintiff assessed the defendant, were employees under provisions of G. L. c. 151A and amendments thereto. (9) The defendant’s remedy, if any, is under provisions of G. L. c. 151 A, § 18. (10) The assessments made by the plaintiff on February 8, 1945 did not become due and payable until said assessments were made on said February 8, 1945. (11) The Statute of Limitations did not begin to operate upon the assessments made by the plaintiff upon the defendant, relative to the journeymen tailors employed by the defendant from the year 1938 through 1944 inclusive, until February 8, 1945. (12) The Statute of Limitations does not bar the plaintiff from the recovery of the assessments in the case at bar. (13) The defendant by its conduct waived the alleged Statute of Limitations and is therefore estopped from using it as a defense. (14) Prior to October 24, 1941 the defendant was not entitled to any judicial review as to the determination of status and the making of the assessments in the case at bar, *97 except as provided under G. L. c. 151A as amended by the Acts of 1937 c. 421, §§ 26 to 32 inclusive. (15) The burden was upon the defendant to go forward in proving that the journeymen tailors in the case at bar were not employees. (16) The defendant did not proceed in sustaining the burden of proof that the journeymen tailors employed by the defendant in the case at bar were employees.
The court filed the following entitled “Disposition of Plaintiff’s Requests for Rulings with Memorandum of Findings, etc.”
FINDINGS
I find that for some time before June 1941 there had been controversy between the Division of Employment Security and the defendant F. L. Dunne Company, over the status of several workmen engaged in making clothes for the defendant: — The Division asserting that they were employees and the defendant that they were independent contractors. On this stand, the defendant refused to include these individuals in the report to the Division.
In 1941, the Division after review of information in its possession determined that the services performed by these individuals constituted employment by the defendant under the Statute and by letter dated June 11, 1941 gave notice to the defendant of this determination.
By letter to the Director of the Division dated June 13, 1941 the defendant through its attorney requested a hearing- on this determination.
This letter was put in evidence by copy of testimony that the original had been directed to the Director of the Division, stamped and mailed. The original could not be produced and it also appears that the papers showing the de *98 termination that the individuals in question were employees were lost. There was evidence that there were numerous files relating to this defendant in various parts of this department and the determination was later found in one of these files in 1945. Whereupon the Division assessed upon the defendant contribution for these individuals for the years 1938, 1939, 1940, 1941, 1942, 1943 and 1944 and on or about February 8, 1945 sent the assessment papers to the defendant. The defendant by its attorney sent a letter to the Division dated February 15, 1945 in effect denying liability. As to the original of the request for hearing by the defendant dated June 13,1941,1 find that it was lost, doubtless explaining the failure to comply with its request. I find that the Division never complied with this request.
MEMORANDUM AS TO THE STATUTES
Because of the frequent amendment of the various statutes relating to Employment but without limiting the generality of the law applying, I refer to certain amendments.
Chapter 151A as then existing was amended by Acts of 1938 c. 469 wherein § 19 adds § 52 as follows: § 52. If any employer shall wilfully fail or refuse to make any report or return as required by any provision of this chapter or of the rules and regulations of the commission made under authority of this chapter, the commission may estimate the liability of such employer from any available information and may assess upon, and collect from, such employer the contributions, penalties and interest due from him to the commonwealth.
In c. 151A as then existing (see c. 421 of Acts of 1937), § 30 relating to the right to review and appearing after § 26 which related only to Benefit claims obviously applied only to such claims. It read: Any such person affected by such decision. In 1939 this section was twice amended,— *99 first by § 3 of c. 20 and second by § 16 of c. 490. One result was that the words “Any such person affected by such decision” disappeared and in place appeared the words “Any interested person aggrieved by any decision of fact or law in any proceeding under this chapter may, after exhaustion of other appellate remedies provided in §§ 28 and 29, bring a petition” etc.
RULING! OF LAW
(1) I rule that the Division was authorized to determine the status of the individuals in controversy at the time it did so. (2) I rule that having given notice to the Division requesting a hearing, after receiving notice of the determination, the defendant was entitled to a hearing on this issue. (3) I rule that not having been given opportunity for this hearing the assessments made in 1945 were not valid.
In view of the foregoing it is not necessary to pass on the several requests made by the plaintiff. Those which are inconsistent are disposed of by the rulings I have made. Most of them cover subjects not reached in view of my rulings.
This report is in consequence of the trial judge’s ruling that the Dunn Company was entitled to a hearing on the determination of status and that the assessments were invalid.
On June 11, 1941 when the Director of the Division of Employment Security made the determination of status of the journeymen tailors, G!. L. (Ter. Ed.) c. 151A as it appears in c. 421 of the Acts of 1937, as amended by c. 20 and by c. 490, both of the Acts of 1939, was in effect and governed. It provided no method for reviewing the action of the Director in determining the status of either an employer or an employee. In fact, § 1 of said c. 151A — sub *100 section (f) (4) provided specifically “Service performed by an individual shall be deemed to be ‘employment’ unless and until it is shown to the satisfaction of the division that such individual has been and will continue to be free from control or direction by another with respect to the performance of such services, both under his contract of service and in fact.”
Apparently the division was made the judge of the evidence before it, both as to weight and credibility. It could determine what constituted employment, and such determination remained “unless and until it is shown to the satisfaction of the division” — to the contrary. Whether or not the defendant had any remedy apart from the statute, is not within our purview.
The trial judge in his “Findings,” refers to, and sets forth therein, certain amendments to the statutes. Reading the quoted sections leaves the impression that he considered said section pertinent to his voluntary rulings. In short, that he was of opinion that said sections, particularly those numbered 28, 29 and 30, contained the provisions which insured the defendant a hearing on determination of status, the failure to obtain such hearing rendering the assessment invalid.
We believe that G. L. c. 151 A, § 30, as it existed on June 11, 1941 gave the F. L. Dunne Company no right to a hearing before the director after his determination of its status as an employing unit. That section simply provided for a petition in court by “any interested person aggrieved by any decision of fact or law in any proceeding under this chapter after exhaustion of other appellate remedies provided in §§ 28 and 29, ’ ’ which in our opinion relates to benefit claims and nothing more. Furthermore, there is no petition before us wherein F. L. Dunne claims to be “an interested person aggrieved,” etc.
*101 The defendant F. L. Dunne Company, took no action to question the assessment under the provisions of § 8 of c, 151A of G-. L. (Ter. Ed.) as it appears in § 1 of c. 421 of the Acts of 1937; neither by way of payment under protest and filing a claim against the division seeking recovery of the amount erroneously assessed or paid, nor by application for an adjustment or refund thereof. It simply waited until sued for the amount assessed under the statute, and then offered its alleged grievance as a defense.
Moreover, the Acts of 1941, c. 685 (amendatory of G. L. c. 151A) particularly § (12), the provision for a review of the determination of status by the employing unit, did not become effective until October 24,1941 and was not in effect on June 11, 12 or 13, 1941.
The plaintiff made reference to this act, both in his brief and in argument, to the effect that while it did not apply to the facts in the present case (effective October 24, 1941) it was noticeably lacking in any provision susceptible of an intention that it be retroactive.
It is appropriate to consider its terms in so far as they deal with the same subject matter, for the discovery of legislative intent. Hurle’s Case, 217 Mass. 223, 226; Packard Clothes, Inc. v. Director of the Division of Employment Security, 318 Mass. 329 at 334. We find nothing in the terms of the act indicating retroaction, particularly as it relates to the determination of status of employer or employee. It does not appear in unequivocal terms. Hanscom v. Malden & Melrose Gas Light Co., 220 Mass. 1. Believing the trial judge to have been in error and that a new trial must be had, no useful purpose will be served by further discussion of the treatment accorded the plaintiff’s requests for rulings.
Accordingly, it is ordered: Finding for the defendant vacated. New trial ordered.