326 Mass. 1 (1950)
92 N.E.2d 370
R. BURLEIGH BARTELS & another
vs.
DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.
Supreme Judicial Court of Massachusetts, Suffolk.
November 7, 1949.
May 5, 1950.
Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.
*2 E.J. Nantoski, Assistant Attorney General, for the defendant.
J.D. St. Clair, for the plaintiffs.
WILLIAMS, J.
This is an action of contract brought in the Municipal Court of the City of Boston under G.L. (Ter. Ed.) c. 151A, § 18, as it appears in St. 1941, c. 685, § 1, to recover payments of alleged excessive employer contributions assessed under the employment security law, G.L. (Ter. Ed.) c. 151A. The defendant has appealed from an order of the Appellate Division dismissing a report of the trial judge, who found for the plaintiffs.
The plaintiffs are brother and sister, and in 1944 and 1945, the years in which the disputed contributions were assessed and paid, were engaged in business in Lynn as copartners under the name Keystone Sole & Shank Co. This business had been carried on under the same name at least since 1927, at which time it was owned by R.E. Bartels, the plaintiffs' father. On his death in 1927 it was taken over and thereafter conducted by his widow, Ida M. Bartels. On June 16, 1937, Mrs. Bartels executed an "Agreement and Declaration of Trust" in accordance with the terms of which she conveyed and transferred the assets of the business and a parcel of real estate in Lynn to herself, her son R. Burleigh Bartels, one of the plaintiffs, and Frank L. Legro, the accountant of the company, as trustees, to pay certain existing obligations of the settlor, to continue the business, to pay the income from the trust to the settlor and her son Burleigh and, upon her death, to distribute the principal and accumulated income of the trust in the proportion of three quarters to her son Burleigh and one quarter to her daughter Helene. The declaration of trust recited that, simultaneously with the conveyance and transfer from Ida M. Bartels, the trustees received from one Paul D. Turner to hold on the same trusts a conveyance of real estate located in Meredith, New Hampshire. Legro, who had no beneficial interest in the trust, died in 1941 and no trustee as successor to him was appointed. Mrs. Bartels died on May 6, 1942. The trust instrument provided that on her *3 death, if Helene survived her, Helene "shall be a trustee hereof in her place." The record is obscure as to whether the business was conducted from the death of the mother until September 3, 1943, by Burleigh and Helene Bartels as trustees under the terms of the trust or as copartners, but on the latter date they executed a written partnership agreement. This agreement recited that they conveyed to themselves as copartners the assets of the trust acquired by them under its terms and that they agreed to continue the business as copartners, "it being intended that this agreement shall take effect as of the date of Ida M. Bartels' death as the said trust property has since that date been held in accordance with the terms of an understanding between the parties in substance that provided in this instrument."
It is immaterial to this decision whether the partnership dates from the death of Ida M. Bartels or from September 3, 1943. The business, or as termed by the statute the "employing enterprise," had, while conducted by the trustees, acquired an experience or merit rating which effected a substantial reduction in the rate of employer contributions for which it was liable. If the business had continued to be operated by the trustees under the trust it would have been obligated to pay contributions at the rate of one per cent for 1944 and at the rate of one and one half per cent for 1945. The plaintiffs, operating the business as co-partners, have been assessed and have paid employer contributions for those years at the rate of two and seven tenths per cent. This action is to recover the difference between what has been paid and what would have been paid had the trustees continued in control during those two years 1944 and 1945.
The question for decision is whether the partnership is a successor employing unit entitled to a transfer of the benefits acquired by the trust.
Since the death of Mrs. Bartels no change has taken place in the conduct of the business. The active management was in the hands of R. Burleigh Bartels both under the trust *4 and under the partnership. The name and nature of the business remained unchanged. The records continued to be kept in the same books of account. The work was done by the same employees, employed on the same terms and at the same wages or salaries.
Statutory authority for the transfer of the benefits of the experience rating of a predecessor employing unit to a successor employing unit is found in the amendment to § 14 of c. 151A, inserted by St. 1943, c. 534, § 1A, the provisions of which were expressly made retroactive to apply to the year 1942. It is therein provided, "(c) For the purposes of this section, when the employing enterprises of an employer or employers are continued solely and without interruption by an employing unit not previously subject to this chapter, the contribution record of the predecessors and the record of workers' benefit wages which were charged or would have been charged to the predecessor employer or employers, if no change in legal identity or form had occurred, shall cease to be the records of the predecessor employer and shall become part of the records of the successor employing unit in determining his benefit wage ratio in the following cases: ... 2. Where a new employing unit consisting of one or more of the former partners or one or more of the former partners and one or more individuals so succeeds to the employing enterprises of the previous partnership."[1] It is contended by the plaintiffs that paragraph (2) governs this case in that the business when conducted by the trustees was in fact conducted by them as copartners and that the present partnership includes R. Burleigh Bartels, one of the former partners.
We are not concerned here with a trust having transferable beneficial shares which vests powers of management in its shareholders. See State Street Trust Co. v. Hall, 311 Mass. 299. The assets of the trust were provided by the principal settlor, Ida M. Bartels, and by Turner, whose relation to the Bartels family is not disclosed by the record. *5 It is not stated what connection, if any, the conveyance of the parcels of real estate, one in Lynn and one in New Hampshire, had to the business. R. Burleigh Bartels contributed nothing to the trust. It appears that the trust was created, as stated by him in a letter dated September 14, 1942, "for the protection of Ida M. Bartels' interest," with provisions for the ultimate distribution of the family property between the children Burleigh and Helene. It is to be noted that the trust instrument contains a so called "spendthrift" clause whereby the income payable to Burleigh and his mother shall not be assigned or alienated by them "nor in any way [be] liable for any of their debts." The trustees are also authorized to use the income, in their discretion, for the "support and maintenance" of Mrs. Bartels and Burleigh "instead of paying the same over unto them."
Where rights of third persons are not concerned, a partnership is commonly held to exist only where such is the intent of the parties. Rosenblum v. Springfield Produce Brokerage Co. 243 Mass. 111.
The parties interested in this trust had no intention to enter into a commercial partnership. See Larson v. Sylvester, 282 Mass. 352, 357-358. From June 16, 1937, until at least May 6, 1942, the employing unit must be held to have been a trust. See c. 151A, § 1 (j).
The transfer of the merit rating sought by the plaintiffs is therefore not authorized by § 14 (c) (2) above quoted.
It is, however, contended by the plaintiffs that, apart from statute, transfer of the merit rating in the instant case is authorized under the principle of the decision in Packard Clothes Inc. v. Director of the Division of Employment Security, 318 Mass. 329. In that case an individual incorporated his business and became the owner of substantially all of the stock in the new legal entity, which became a new employing unit. It was held on the facts, to which the later statute of 1943 did not apply, that a transfer of merit rating from the individual to the corporation should be allowed because the management and control of the business as conducted by the predecessor employing unit continued without change under *6 the corporation. The employing enterprise remained the same. The only change was that a new form of organization for the conduct of the business was substituted for the old. A merit rating is established annually for an employing unit in accordance with the provisions of § 14 based on the previous three years' experience. In general the rating depends on the "benefit wage ratio" for such three year period computed by dividing the total amount of benefit wages paid to former employees assignable to the employing unit (up to a certain limit) by that part of the total payroll of the unit on which contributions have been paid. § 14 (b) (4). Until the necessary basis for a specific rating is obtained the rate is fixed at two and seven tenths per cent. Where a corporation is the employing unit a change in the directors or stockholders in and of itself does not effect a change in the merit rating of the unit, nor in the case of a trust does a change in the personnel of the trustees or beneficiaries effect such a change. In this case the rating of the trust was not affected by the succession to the position of trustee of Helene who, with Burleigh, became charged with the duty of winding up the affairs of the trust and of distributing the principal and accumulated income. See Rothwell v. Rothwell, 283 Mass. 563, 570; Scott on Trusts, § 344. The employing unit remained the same. Whether termination of the trust be treated as having occurred by operation of law on the death of Mrs. Bartels, see Langley v. Conlan, 212 Mass. 135, 138; Cunningham v. Bright, 228 Mass. 385, 388; Tifft v. Ireland, 273 Mass. 56, 60; Daly v. Toohy, 280 Mass. 51, 54; Scott on Trusts, § 99.5; Restatement: Trusts, § 341, comment h, or later by distribution of the assets, in either case Burleigh and Helene Bartels as copartners succeeded to the entire legal and beneficial ownership of the trust assets and consequently of the employing enterprise. Their partnership was a new employing unit, as was the corporation in the Packard case, but there was a complete factual continuity of ownership and control. Under the provisions of both the trust instrument and the partnership agreement Burleigh was charged with the active management of the business. *7 In our opinion the plaintiffs, conducting as they are, as partners, the employing enterprise of Keystone Sole & Shank Co., are entitled to the merit rating of that business acquired when operated by the former trust.
Order dismissing report affirmed.
NOTES
[1] See now St. 1947, c. 440.