EGERTON B. McNEAR *vs.* DIRECTOR OF THE DIVISION OF EMPLOYMENT SECURITY.

Suffolk. March 6, 1951. — September 18, 1951.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & COUNIHAN, JJ.

*Employment Security,* Merit rating, Employing enterprise.

A favorable employment security merit rating enjoyed by an individual operating a business was not transferred to either of two corporations which he established to take over the business on January 1, 1947, and which operated it until their dissolution on July 17, 1947, because neither of the corporations succeeded to the whole of their predecessor's employing enterprise.

CONTRACT. Writ in the Municipal Court of the City of Boston dated October 25, 1948.

The action was heard by *Adlow,* J.

*F. E. Kelly,* Attorney General, *E. J. Nantoski,* Assistant Attorney General, *& J. A. Brennan,* for the defendant, submitted a brief.

*J. J. Leonard,* for the plaintiff.

QUA, C.J. This action of contract was brought in the Municipal Court of the City of Boston under the employment security law, G. L. (Ter. Ed.) c. 151A, § 18, as appearing in St. 1941, c. 685, § 1, to recover alleged overpayments of contributions made by McNear Body Co. Inc. and McNear-Nash, Inc., between January 1, 1947, and July 17, 1947, amounting to $1,352.39. After a finding for the plaintiff, the Appellate Division dismissed a report, and the director appeals.

The case presented is in substance this: Prior to January 1, 1947, Egerton B. McNear, the plaintiff, as an individual, operated a business which consisted of selling and servicing automobiles and repairing automobile bodies. Because of favorable experience, he was entitled to a reduced contribu-

tion rate of one half of one per cent. For the purpose of separate accounting between his selling and his servicing and repair work, he established on December 31, 1946, the two corporations hereinbefore named, which thereafter from January 1, 1947, until July 17, 1947, conducted the business as successors to McNear and with "no substantial change in the nature of the business." McNear and his wife subscribed equally to all the stock subscribed for in each corporation, except one share subscribed for by their son. In each corporation McNear was president and his wife was clerk. The two corporations paid at a higher rate than that at which McNear had previously paid until they were dissolved on July 17, 1947, after which McNear again carried on as an individual the business of both corporations and again paid at the reduced rate. Each corporation duly made its application for a refund under G. L. (Ter. Ed.) c. 151A, § 18, as appearing in St. 1941, c. 685, § 1, and upon the denial of their applications by the director, each corporation assigned its claim to the plaintiff.

During the earlier part of the period in question from January 1, 1947, to May 22, 1947, G. L. (Ter. Ed.) c. 151A, § 14, subsection (c), as appearing in St. 1945, c. 516, was in force. This subsection made express provision for the inheritance by a successor employing unit of the merit rating established by its predecessors in certain specified instances, none of which includes a case like the present where two new employing units share as successors of the employing enterprises of the former employer or employers. Before the enactment of the act of 1945 a provision for the inheritance of merit ratings had been inserted by St. 1943, c. 534, § 1A, into c. 151A, § 14, as subsection (c). This subsection (c) was similar in form to the subsection (c) appearing in the act of 1945, but contained fewer specified instances where inheritance of merit ratings was expressly provided for. Before the statute of 1943 there had been no provision for the inheritance of merit ratings by successor employing units. This court held that while the law was in this condition, before the introduction of any subsection (c), and

while there was no provision for inheritance of merit ratings, and in accordance with the then established practice of the director, a true successor in fact to *all* the employing enterprises of the predecessor could inherit the predecessor's merit rating. *Packard Clothes Inc.* v. *Director of the Division of Employment Security*, 318 Mass. 329. When that case was decided the 1943 act had been passed, and the court said that the inclusion in this act of specific instances in which transfer of merit ratings should be allowed was to clarify the subject matter and to assure transfer of merit ratings in the particular instances specified and did not indicate that previously thereto there could be no such transfer in cases of true succession to *all* the employing enterprises of the predecessor, with continuity in management and control. 318 Mass. 334–336. Emphasis was placed upon the totality of succession of a single successor to the entire employing enterprises of the predecessors. See pages 332, 334, 335. The *Packard* case has been followed in *Bartels* v. *Director of the Division of Employment Security*, 326 Mass. 1, 5–7, and *Continental-United Industries Co. Inc.* v. *Director of the Division of Employment Security*, 326 Mass. 423, 430–431. But in each of those cases the successor units took over the entire employing enterprises of their predecessors, and in both cases emphasis was again placed upon that fact. 326 Mass. 6–7, 425–426. It is interesting to note that in every statute in which the Legislature has dealt with succession to merit ratings the wording, construed according to its ordinary meaning, has been such as not to permit the transfer of ratings to any successor who has taken over less than all of the predecessors' employing enterprises. See G. L. (Ter. Ed.) c. 151A, § 14, subsection (c), as appearing in St. 1943, c. 534, § 1A; as appearing in St. 1945, c. 516; as appearing in St. 1947, c. 440, § 1; and as appearing in St. 1949, c. 740, § 2. The act of 1947 abandoned the method of enumerating specific instances in which there might be a transfer of merit ratings to a successor and provided generally for such transfer, but only where the successor has "taken over and continued in the

same trade or business *all* of the employing enterprises of an employer or employers" (emphasis supplied). Moreover, a survey of the law in other jurisdictions discloses that while the practice is not wholly uniform, there is such a heavy preponderance by statute and decision in favor of the proposition that an employing unit may succeed to the merit rating of its predecessor or predecessors only where a single employing unit has taken over all or substantially all of the employing enterprises of its predecessor or predecessors that this may almost be said to have become an established principle of the law of employment security.[1] We may speculate that the underlying reason for this may be found in the difficulties to be anticipated in tracing continuity of control and management and of the factors which enter into merit experience if the employing enterprises of an employer are to be split among two or a dozen successor units and if perhaps these in turn are again to be split to serve the purposes of those in control of them.

To sum up what has been said: The great weight of authority allows the transfer of merit ratings to a successor employing unit only where the successor takes over all or substantially all of the employing enterprises of its predecessor or predecessors. Our own statutes have always been consistent with this rule, and the present statute, G. L. (Ter. Ed.) c. 151A, § 14, subsection (c), as appearing in St. 1949, c. 740, § 2, following the 1947 act, adopts it for all cases of transfer of merit rating. Before we had any statute on the

---

[1] *Cartersville, Candlewick Inc.* v. *Huiet,* 204 Ga. 609. *Billett* v. *Gordon,* 389 Ill. 454. *Ned's Auto Supply Co.* v. *Unemployment Compensation Commission,* 313 Mich. 66. *El Queeno Distributing Co.* v. *Christgau,* 221 Minn. 197. *Seavey Hardware Co. Inc.* v. *Riley,* 95 N. H. 502. *Auclair Transportation, Inc.* v. *Riley,* 96 N. H. 1. *Morristown Electrical Supply Co.* v. *State,* 4 N. J. Super. 216. *Eiber Realty Co.* v. *Dunifon,* 84 Ohio App. 532. *Matter of Hinzmann & Waldmann, Inc.* 274 App. Div. (N. Y.) 1009. *Canada Dry Bottling Co. of Utah* v. *Board of Review,* —— Utah, —— (223 Pac. [2d] 586). *Surgical Supply Center, Inc.* v. *Industrial Commission of Utah,* —— Utah, —— (223 Pac. [2d] 593). Contra, *Indiana Employment Security Division* v. *Ponder,* 121 Ind. App. 51; *Burlington Truck Lines, Inc.* v. *Iowa Employment Security Commission,* 239 Iowa, 752; *Royal Jewelers Co. of Knoxville* v. *Hake,* 185 Tenn. 254; *Dallas Liquor Warehouse No. 4* v. *State,* (Texas Civ. App.) 213 S. W. (2d) 147; *Texas Unemployment Compensation Commission* v. *General Engineering Corp.* (Texas Civ. App.) 213 S. W. (2d) 151. But compare *White* v. *State,* (Texas Civ. App.) 197 S. W. (2d) 389.

subject the practice of the division had been in accord with the rule. This court in the case of *Packard Clothes Inc.* v. *Director of the Division of Employment Security*, 318 Mass. 329, recognized the existing practice and showed that in that case "the plaintiff was the successor employing unit in toto of the former employing unit" (318 Mass. at page 335). This was also true and was mentioned in the cases following the *Packard* case. There is nothing in any of these cases inconsistent with the rule hereinbefore stated. Neither of the two corporations in the present case succeeded to the whole of the employing enterprise of McNear. We are therefore of opinion that the plaintiff cannot recover any sums contributed by either of them for the period from January 1, 1947, to May 22, 1947.

On May 22, 1947, St. 1947, c. 440, being declared an emergency law, took effect by approval of the Governor. G. L. (Ter. Ed.) c. 4, § 1. As previously stated, G. L. (Ter. Ed.) c. 151A, § 14, subsection (c), as appearing in the act of 1947, provides for the transfer of merit ratings only to a successor who takes over "all of the employing enterprises" of the predecessor employer or employers. Neither of the alleged successor corporations complied with this requirement, and so the plaintiff cannot recover any sums contributed by either of them for the period from May 22, 1947, until July 17, 1947.

It has become unnecessary to consider whether the corporations could make valid assignments of their claims to the plaintiff, or the effect of the retroactive provisions of the act of 1947, or whether it sufficiently appears that the alleged successor employing units complied with the requirements of subsection (c) of notice of the transfer of the employing enterprises or of guaranty of payment of all contributions required of the alleged predecessor employer.

*Order of Appellate Division reversed.*
*Judgment for the defendant.*