350 Mass. 39                                    39

Fitz-Inn Auto Parks, Inc. *v.* Commissioner of Labor & Industries.

FITZ-INN AUTO PARKS, INC. & others *vs.* COMMISSIONER
OF LABOR & INDUSTRIES.

Suffolk.    December 7, 1965. — December 31, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Minimum Wage. Labor. Parking Lot. Words,* "Garage," "Garageman."

The word "garageman" in the provision of G. L. c. 151, § 1A, as in effect
    prior to the enactment of St. 1965, c. 416, that that section should not
    be "applicable to any employee who is employed . . . as a garageman,"
    did not include a parking attendant, and the provision of § 1A relative
    to compensation for employment in excess of forty hours in a work
    week applied to parking attendants performing like services in indoor,
    underground, deck and outdoor parking facilities.

BILL IN EQUITY filed in the Superior Court on October 21,
1963.

The suit was heard by *Taveira, J.*

*George H. Foley* for the plaintiffs.

*C. A. Peairs,* Special Assistant Attorney General, for the
defendant.

SPIEGEL, J.    The plaintiffs in a suit against the Commis-
sioner of Labor and Industries of the Commonwealth of
Massachusetts seek a declaration under G. L. c. 231A that
the provisions of G. L. c. 151, § 1A, prior to its amendment
by St. 1965, c. 416, do not apply to the plaintiffs' park-
ing lot employees.    The case was heard upon a statement
of agreed facts.    The judge entered a decree declaring:
"1.    That Section 1A of Chapter 151 of the General Laws
applies to the . . . [plaintiffs'] parking lot employees.
2.    That said employees are required to be paid compen-
sation at a rate not less than one and one-half times the
regular rate for all hours worked in excess of forty in a
work week."    The plaintiffs appealed from this decree.

The plaintiffs operate indoor, underground, deck and
outdoor parking facilities in the Greater Boston area.
Their employees' duties consist of "the sale to drivers of

automobiles of tickets permitting the parking of said automobiles in the lots, and directing the drivers to the spaces allotted. In certain lots these employees are required to drive the cars and to park them. . . . Some of the lots are open twenty-four . . . hours a day, seven days a week; other lots are open for shorter periods of time, ranging from ten hours to twenty-four hours per day. . . . There are occasions when the need arises to assign attendants from open air parking facilities to inclosed parking facilities, and vice versa. The same problems of selling tickets, driving and parking vehicles and scheduling help and keeping of records apply to the indoor parking as to the outdoor parking of cars." The employees do not do any mechanical work "with the exception of infrequent occasions when it is necessary to change a flat tire or make a minor motor adjustment or provide supplementary battery power to a stalled car in order that the vehicle can be moved out of the parking area."

The provisions of G. L. c. 151, § 1A, prior to its amendment by St. 1965, c. 416, pertinent to this controversy read: "Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed. . . . This section shall not be applicable to any employee who is employed: — . . . (15) as a garageman." Statute 1965, c. 416, changed cl. (15) to read, "(15) as a garageman, which term shall not include a parking lot attendant."

The word "garageman" has not been defined by this court and no statute defining it has been called to our attention. It is defined as, "A worker in a garage," by Webster's New International Dictionary (2d ed. 1956). The term "garage" is defined differently for different purposes under our statutes. "Garage" includes parking lots for purposes of statutes giving liens on stored cars. G. L.

350 Mass. 39                                    41

Fitz-Inn Auto Parks, Inc. *v.* Commissioner of Labor & Industries.

c. 255, §§ 25, 39A, and for requirements of record keeping. G. L. c. 90, §§ 1, 32.

On the other hand, under the statute covering health regulations we find the phrase "factory, workshop or *garage*" (see G. L. c. 149, § 117) and the phrase *"public garages"* (see G. L. c. 149, § 133), obviously in each instance referring to an enclosed building (emphasis supplied).

Because we are aware of the conflict in the use of the term "garage" in our statutes we give thought to the meaning of the word as it is commonly understood.

Webster's New International Dictionary (2d ed. 1956) defines "garage" as "a *building* for housing automotive vehicles; also, a repair shop for such vehicles" (emphasis supplied). The one certain meaning of the word "garage" in the aforementioned definition is that it must be a "building." Common usage, however, enables us to readily distinguish a "parking lot attendant" from a "garageman." If the issue in this case solely involved outdoor parking lot attendants and not those employed in a building there would be no difficulty in reaching a determination that such attendants are not "garagemen" within the meaning of § 1A. In the instant case, there does not appear to be any reason for differentiating between "attendants" at outdoor parking lots and attendants in a building whose "routine of work is the same."

The plaintiffs contend that the exceptions[1] enumerated in § 1A reveal "the intention of the legislature to exclude employees in businesses which . . . could not operate on an overtime pay basis because . . . [they] must be open during a large number of hours each day or each week but cannot charge . . . [their] customers a higher price for

---

[1] Included among the exceptions to § 1A are employees who are employed "(1) as a janitor or caretaker of residential property . . . . (2) as a golf caddy, newsboy or child actor or performer. (3) as a bona fide executive, or administrative or professional person . . . . (4) as an outside salesman or outside buyer. (5) as a learner, apprentice or handicapped person under a special license . . . . (6) as a fisherman . . . . (7) as a switchboard operator . . . . (10) as a seaman. . . . (12) in a hotel, motel, motor court or like establishment. (13) in a gasoline station. (14) in a restaurant. (15) as a garageman. (16) in a hospital . . . . (17) in a nonprofit school . . . . (18) in a summer camp . . . ."

services rendered during the extra, long hours beyond the usual 9 a.m. to 5 p.m. day," and a parking lot is such a business. However, there are other reasons which might equally well explain the intention of the Legislature. The difficulty of keeping regular employment records of time worked might account for certain exceptions, such as those for seamen, fishermen, child actors, and "outside salesman or outside buyer." Other exceptions, such as workers in hotels, restaurants, gasoline stations and hospitals, are for jobs that may require continuous service by a particular person beyond the confines of an eight hour schedule. The legislative intent does not appear to us to be related to the price charged the customers for the services rendered.

Each of the parties refers to the 1965 amendment which specifically states that "garageman" does not include a parking lot attendant. The plaintiffs contend that the amendment indicates a change from the previous meaning. However, the amendment was enacted soon after the present controversy arose, so it is just as logical to regard it as a clarification of an ambiguity and a legislative interpretation of the original act. See *Scaccia* v. *Boston Elev. Ry.* 317 Mass. 245, 251. See also *Rural Independent Sch. Dist.* v. *New Independent Sch. Dist.* 120 Iowa, 119, 125; *People ex rel. Westchester Fire Ins. Co.* v. *Davenport,* 91 N. Y. 574, 591–592. We agree with the judge below that "garageman" does not include a parking lot attendant, and therefore G. L. c. 151, § 1A, applies to the plaintiffs.

*Decree affirmed.*