ALEXANDER C. HABEEB vs. RETIREMENT BOARD OF QUINCY. December 9, 1982. The sole issue before us is whether the plaintiff's service as a private in the Massachusetts National Guard prior to July 1, 1939, qualifies as "employment" within the meaning of G. L. c. 32, § 60, as amended

through St. 1973, c. 207, § 7. A judge of the Superior Court, relying on St. 1963, c. 606, held that it does not. We reverse.

The 1963 Act relied upon by the judge provides as follows:

"Notwithstanding the provisions of any general or special law to the contrary, any person who is now a member of the state retirement system and who was employed by the Massachusetts National Guard as a caretaker or air technician prior to July first, nineteen hundred and thirty-nine, shall be considered to have been employed by the commonwealth prior to said date, and shall be subject to the provisions of sections fifty-six to fifty-nine, inclusive, of chapter thirty-two of the General Laws, and may, if otherwise eligible, be retired under said sections."

We hold that this statute was not intended to exclude all persons from benefits who were not caretakers or air technicians prior to July 1, 1939, but rather was designed to ensure the eligibility of these two classes of employees, perhaps civilians, whose coverage under G. L. c. 32, § 60, might otherwise have been considered in doubt. This seems the plain intent of St. 1963, c. 606, and we do not think any negative implication is to be inferred. See *Packard Clothes Inc.* v. *Director of the Div. of Employment Security*, 318 Mass. 329, 335-336 (1945). See also *Fitz-Inn Auto Parks, Inc.* v. *Commissioner of Labor & Indus.*, 350 Mass. 39, 42 (1965); *Graci* v. *Damon*, 6 Mass. App. Ct. 160, 170 n.3 (1978).

We also reject the defendant's contention that G. L. c. 33, § 94, which was inserted by St. 1954, c. 590, § 1, has any application to G. L. c. 32, §§ 56-60.

Accordingly, the plaintiff is entitled to a declaration that his pre-July 1, 1939, employment by the Commonwealth for which he was compensated qualifies him for benefits under G. L. c. 32, §§ 56-60. *LaCouture* v. *Retirement Bd. of Quincy*, 11 Mass. App. Ct. 738, 741-742 (1981). The judgment is reversed, and the matter is remanded to the Superior Court for the entry of a new judgment consistent with this opinion.

*So ordered.*

*Robert J. Muldoon, Jr.,* for the plaintiff.
*Laurence W. Cowley,* Assistant City Solicitor, for the defendant.